STATE EX REL. ATTORNEY GENERAL *v.* WILLIAMS-ECHOLS
DRY GOODS COMPANY.

Opinion delivered February 20, 1928.

1. STATUTES—PARTIAL INVALIDITY.—When different clauses of an act are so dependent upon each other that it is evident that the Legislature would not have enacted one of them without another, the whole act will fall with the invalidity of a particular clause.

2. STATUTES—PARTIAL INVALIDITY OF STATUTE.—Crawford & Moses' Dig., §§ 9965, 9966, providing that all corporations doing business in the State, with certain exceptions, shall make and file a specified statement of intangible property for the purpose of assessment and taxation, being unconstitutional as applied to foreign corporations, is also unconstitutional as to domestic corporations, since the provisions of the act are not severable.

3. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTES.—It is the duty of the court to interpret the statute as it is written, and not to limit or restrict the plain meaning of words so as to make it

constitutional, where its plain and ordinary meaning renders it unconstitutional.

4. STATUTES—EFFECT OF UNCONSTITUTIONAL STATUTE.—Where a statute is held to be unconstitutional, it is, in legal contemplation, as inoperative as though it had never been passed, and former statutes on the subject are left in force and unimpaired.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland*, Chancellor; affirmed.

### STATEMENT OF FACTS.

The State of Arkansas, on the relation of the Attorney General, brought this suit in equity against Williams-Echols Dry Goods Company, a corporation duly organized under the laws of the State to sell dry goods at wholesale in Fort Smith, Arkansas, to recover back taxes. The chancery court sustained a demurrer to the complaint, and the State refused to plead further, and elected to stand on its demurrer. Whereupon the chancery court dismissed the complaint for want of equity. The State has appealed.

*H. W. Applegate*, Attorney General, *R. E. L. Johnson* and *John M. Rose*, for appellant.

*Cravens & Cravens*, for appellee.

HART, C. J., (after stating the facts). The suit was instituted under an act of the Legislature of 1917, providing for the assessment of insurance companies and assessing for taxation the intangible property of all corporations.

Section 1 of the act relates to the taxation of insurance companies, and is § 9964 of Crawford & Moses' Digest. Section 2 is § 9965 of the Digest, and provides that all corporations doing business in this State, except corporations whose property is assessed by the Arkansas Tax Commission and the corporations required to make and file the special returns provided for in § 9904, shall, in addition to the list prescribed by § 9904, make and file with the assessor of the county wherein its principal office is situated a statement wherein shall be definitely set forth certain matters, which are specifically stated, but which need not be set out here. Section 3 of the act

is § 9966 of the Digest, and provides that any person whose duty it is made by the act to prepare the returns required in the act, who shall fail to do so, shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined in any sum not less than $100 nor more than $1,000, and, in addition thereto, the charter of said corporation shall be forfeited.

This section was held invalid, in so far as it applied to foreign corporations, in *State ex rel.* v. *Lion Oil & Refining Co.,* 171 Ark. 209, 284 S. W. 33. The necessary effect of our opinion in that case was to hold the statute unconstitutional, so far as it applied to foreign corporations. Otherwise we would have held that its terms did not include foreign corporations, and this would have ended the case. The reason that we reserved the question whether the unconstitutional part was severable from the remainder was because we did not deem it wise or expedient to pass upon the question of its constitutionality in so far as it related to domestic corporations until that issue was squarely presented and fully argued, as has been done in the case at bar.

It is an elementary rule of constitutional construction that it is only when different clauses of an act are so dependent upon each other that it is evident that the Legislature would not have enacted one of them without the other—as when the two things provided are necessary parts of one system—that the whole act will fail with the invalidity of one clause. *Huntington* v. *Worthen,* 120 U. S. 97, 7 S. Ct. 469, 30 L. ed. 588.

In the application of the rule in Cooley's Constitutional Limitations, 8th ed., vol. 1, pages 360 and 361, it is said that, where a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. This rule has been adopted and applied with

varying facts by this court. *Ex parte Deeds,* 75 Ark. 542, 87 S. W. 1030; *Oliver* v. *Southern Trust Co.,* 138 Ark. 381, 212 S. W. 77; *Nixon* v. *Allen,* 150 Ark. 244, 234 S. W. 45; and *Replogle* v. *Little Rock,* 166 Ark. 617, 267 S. W. 353, 36 A. L. R. 1333.

In the first case cited it was held that an unconstitutional provision in a statute in favor of resident merchants could not be stricken out so as to leave the remainder of the act unimpaired, as to do so would leave the statute applicable to resident merchants, contrary to the express intention of the Legislature. In discussing the application of the same rule in *United States* v. *Reese,* 92 U. S. 214, 23 L. ed. 563, it was said:

"We are not able to reject a part which is unconstitutional and retain the remainder, because it is not possible to separate that which is unconstitutional, if there be any such, from that which is not. The proposed effect is not to be attained by striking out or disregarding words that are in the section, but by inserting those that are not now there. Each of the sections must stand as a whole, or fall together. The language is plain. There is no room for construction, unless it be as to the effect of the Constitution. The question, then, to be determined is whether we can introduce words of limitation into a penal statute so as to make it specific when, as expressed, it is general only * * *. To limit this statute in the manner now asked for would be to make a new law, not to enforce an old one. This is no part of our duty."

The rule was later approved and again applied in *Hill* v. *Wallace,* 259 U. S. 44, 42 S. Ct. 453, 66 L. ed. 822.

In the application of this well-settled rule to the case at bar, we are of the opinion that the statute is unconstitutional as to domestic corporations. It will be observed that the language of the act refers to all corporations. If it had contained separate sections concerning foreign corporations and domestic corporations, it might be said that the statute was separable, and the unconstitutional part as to foreign corporations might be stricken out and leave enforceable that part relating to domestic corpora-

tions. Such is not the case, however. The language is plain, and refers to all corporations. The act prescribed a severe penalty for the failure of the officer of the corporation to comply with its terms. To sustain the act as to domestic corporations would require us to strike out the words "all corporations," and to disregard their plain and ordinary meaning, and substitute therefor the words "domestic corporations." To limit the statute in this manner would require us to amend the statute, and, as has been said, this is no part of our duty. It is our duty to interpret the statute as it is written, and we cannot limit or restrict the plain meaning of the words used so as to make constitutional a statute which, when construed according to the plain and ordinary meaning of the language used, would be unconstitutional.

It follows that the decree of the chancery court was correct, and it must be affirmed.