E. L. Bruce Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 34404.   Promulgated April 29, 1930.

*Albert A. Jones, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

778

OPINION.

SEAWELL: The first question to be decided is whether the petitioner is entitled to deduct in 1923 an amount paid in that year which the State of Arkansas contended was due as overdue taxes on intangible property for the years 1916 to 1922, inclusive. The position of the Commissioner is that the amount in question was a capital expenditure which was paid to remove a lien against the petitioner's property on account of taxes due and payable prior to 1923 and therefore not deductible from gross income; or, in the alternative, he contends that since the petitioner was on the accrual basis the amount paid in 1923 was in settlement of taxes which had accrued prior to that time, and therefore was not a proper deduction for 1923. On the other hand, the petitioner contends that the taxes in question accrued in 1923 when the amount to be paid was determined under the compromise agreement which resulted in a decree to that effect, and that the deduction is accordingly allowable in that year; or, in the alternative, it contends that the amount is deductible in 1923 as a loss or a business expense.

The answer to the two contentions advanced by the Commissioner as well as the first set out above of the petitioner is found in the fact that the statute under which the amount was alleged to be due was declared to be unconstitutional some five years later and therefore must be considered as if it had never been enacted. The status of an unconstitutional statute was defined by the Supreme Court in *Norton v. Shelby County*, 118 U. S. 425, as follows:

* * * An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.

And in 6 Ruling Case Law 117, we find the following statement, which is supported by many cited cases:

* * * The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it had never been passed. Since an unconstitutional law is void, it imposes no duties and confers no power or

authority on anyone; it affords protection to no one, and no one is bound to obey it, and no courts are bound to enforce it. When a judgment of any court is based on an unconstitutional law, it has been said that it has no legitimate basis at all, and is not to be treated as a judgment of a competent tribunal, * * *.

It therefore follows that without a statute in existence under which the taxes could have become due, no accrual could arise either for 1916 to 1922 or for 1923. To use the language set out in *Lehigh Valley Coal Sales Co.*, 15 B. T. A. 1401, with respect to the payment of taxes under an unconstitutional statute, " such taxes were illegally demanded, paid and deducted, and therefore void *ab initio*." With the statute void from the beginning and " as inoperative as though it had never been passed," we fail to see where a liability therefrom could ever arise. The fact that it was illegally demanded by the State of Arkansas or that it was paid under a mistaken conception by both parties as well as by the chancery court as to the existence of a valid law could not make a liability of something which in legal contemplation never existed. And the same reasoning would apply to the deductibility as a tax in the year of payment. Cf. *Philip C. Brown et al.*, 10 B. T. A. 1122; *Lehigh Valley Coal Sales Co., supra;* and *Inland Products Co.* v. *Commissioner*, 31 Fed. (2d) 867 (affirming *Inland Products Co.*, 10 B. T. A. 235).

But while we are of the opinion that the amount of $13,750 may not be deducted as a tax in any year, we are of the opinion that its payment constituted a loss sustained in 1923 which is deductible under the provisions of section 234 (a) (4) of the Revenue Act of 1921, which permits a corporation to deduct " Losses sustained during the taxable year and not compensated for by insurance or otherwise," or an ordinary and necessary expense deductible under section 234 (a) (1) of the same act. What the petitioner did in this instance was to pay when a court action had been started on account of what was later shown to be a void statute. Rather than do what it could well have done, namely, carry the case through the courts where, as events later turned out, it would ultimately have had nothing to pay, the petitioner elected to compromise the suit through the payment of approximately one-fourth of what was demanded. How much of this was the " price of peace " and how much in fact taxes which in reality would properly have been due had the statute been constitutional, we do not know. We do think, however, it is fair to consider that the petitioner, through the compromise and consent decree, was doing more than merely paying what it ultimately might have been required to pay as a tax, had the statute been constitutional. It did that which has been encouraged and upheld since the beginning of our judicial system, namely, compromised a suit

without resort to protracted litigation, and thus left itself unhampered to proceed with its usual business. If not a loss, it would certainly come within the category of an ordinary and necessary expense.

An objection might be made to the allowance of the deduction on the ground that it is in conflict with the principle laid down in *Philip C. Brown et al.*, *supra*, where a taxpayer was denied a deduction on account of taxes paid under an unconstitutional statute, but in that instance the amount had been refunded in a later year and we in effect held that the fact that the taxpayer had been made whole, though in a later year, precluded the allowance in the year when paid. Refunds had likewise been made in *Lehigh Valley Coal Sales Co.*, *supra*, where payments under an unconstitutional statute were involved. Of somewhat similar nature was *Inland Products Co.*, *supra* (affirmed by *Inland Products Co.* v. *Commissioner*, *supra*), where certain purported beverage taxes were voluntarily paid to the collector under regulations of the Commissioner which were void and the amounts so paid were later refunded. The court, in affirming the disallowance of a deduction for the amount paid by mistake, said that "one who accepts the correction of a mistake is estopped to claim a benefit to which he would be entitled if it were not corrected." In the case at bar we have no evidence that a refund has been made and under the Constitution of Arkansas, Article V, section 20, the State of Arkansas may not be made defendant in a suit in any of her courts. The further fact exists that the statute in question was not declared unconstitutional because of any defect with respect to domestic corporations, such as petitioner's predecessor, but rather because of an improper attempt to tax foreign corporations, and since the provisions of the act were not severable as between domestic and foreign corporations, it was declared unconstitutional in all respects. Of course, refund might have been had by appeal to the state legislature, but when we consider the circumstances under which the payment was made and the basis of the determination of unconstitutionality, we are unwilling to deny this amount as a deduction under such slight possibility that a refund may have been made. As the court said in *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398, when dealing with a loss under the corresponding provision of the 1918 Act, what might ultimately be returned would be not as a matter of right, but as a matter of grace, and, as the court said further in the same case, to look for anything would require one to be an "incorrigible optimist," which is not required by the taxing statutes. Certainly, from a practical, if not the strictest legal, standpoint (which was stated by the Supreme Court in *Lucas* v. *American Code Co.*, 280 U. S. 445, as the test in determining when a loss is

deductible), this petitioner sustained a loss or paid a necessary expense in 1923 when it paid $13,750 on account of an illegal exaction of what was then denominated taxes which it had no legal right to have returned to it and which has not been shown either to have been refunded or to have more than the merest possibility of ever being refunded.

In view of the foregoing and when the entire circumstances of the payment are considered, we are of the opinion that the petitioner is entitled to the deduction claimed of $13,750.

With respect to the $1,000 paid as attorney's fees, while it is not clear whether this was paid to petitioner's attorney or to the attorney for the State of Arkansas, counsel for the Commissioner admitted that it was paid to the one or the other of them. Which one we regard as immaterial; in either event, we are of the opinion that it constituted an ordinary and necessary expense for 1923, and therefore should be allowed as a deduction from gross income in that year.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*