SMITH PACKING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101249. Promulgated October 23, 1940.

*James W. Allen, C. P. A.,* and *Seymour Samuels, Jr., Esq.,* for the petitioner.

*John R. Stivers, Esq.,* for the respondent.

# 1056

OPINION.

HARRON: The basic question is whether the amount of $2,101.29 which was deposited with the Commerce Union Bank for petitioner's account in escrow pending the outcome of certain litigation involving the validity of the Federal processing tax under the Agricultural Adjustment Act and was released from escrow and returned to petitioner shortly after the processing tax was held invalid on January 6, 1936, should be included in petitioner's taxable income for 1936.

In our opinion, respondent erred in including the $2,101.29 in petitioner's taxable income for 1936. The amount in question was supplied by petitioner and was deposited with the Commerce Union Bank in escrow for petitioner's account and was never actually paid to the Jacobs Packing Co. During the period when this amount was held by the Commerce Union Bank in escrow, title thereto remained in petitioner. 21 Corpus Juris, pp. 882, 883. Obviously petitioner realized no income when the $2,101.29 was released from escrow and returned to it. Any liability which petitioner had to pay that amount to the Jacobs Packing Co. was purely contingent on the outcome of the litigation involving the validity of the processing tax, and petitioner could not properly accrue such a contingent liability, *Lucas* v. *American Code Co.*, 280 U. S. 445; *Reuben H. Donnelley Corporation*, 22 B. T. A. 175; and it follows that the extinguishment of such a contingent liability could not result in the accrual of income.

It is true that in 1935 petitioner entered on its books the amounts deposited with the Commerce Union Bank in escrow as debits to processing tax. However, the actual facts, and not the entries made by petitioner on its books, are controlling, especially where, as here, the bookkeeping methods employed are faulty. Paul & Mertens, Law of Federal Income Taxation, vol. I, sec. 5.07.

Moreover, even if it were assumed that such book entries at the time they were made correctly reflected the accrual of the amount in question as outgo, the accrual was in doubt and could be adjusted when the doubt was removed shortly after the end of 1935 and before the closing of petitioner's books for 1935. *Sanford Cotton Mills, Inc.*, 42 B. T. A. 190. Petitioner did just that. After the amount in ques-

tion was released from escrow and before petitioner closed its books for 1935, petitioner by appropriate entries on its books canceled the entries debiting processing tax with that amount, and, although petitioner had deducted the amount in question on its original corporation income and excess profits tax return for 1935, it subsequently filed an amended return on which it eliminated that deduction.

Therefore, it is held that respondent erred in including the amount in question in petitioner's taxable income for 1936.

Although respondent's determination of a deficiency in income tax for 1936 resulted from several adjustments, his determination of a deficiency in unjust enrichment tax under section 501 of the Revenue Act of 1936 resulted solely from his inclusion of the amount in question in petitioner's taxable income for 1936. In the deficiency notice respondent based his determination of a deficiency in unjust enrichment tax on the ground that the amount in question represented a reimbursement received by petitioner from the Jacobs Packing Co. of amounts representing Federal processing tax burdens included in the prices which had been paid by petitioner to the Jacobs Packing Co., within the meaning of subdivision (2) of section 501 (a).[1]

The conclusion that respondent erred in including the amount in question in petitioner's taxable income for 1936, entirely eliminates the deficiency in unjust enrichment tax, as is conceded by respondent.

*Decision will be entered under Rule 50.*

[1] SEC. 501. TAX ON NET INCOME FROM CERTAIN SOURCES.

(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

\* \* \* \* \* \*

(2) A tax equal to 80 per centum of the net income from reimbursement received by such person from his vendors of amounts representing Federal excise-tax burdens included in prices paid by such person to such vendors, to the extent that such net income does not exceed the amount of such Federal excise-tax burden which such person in turn shifted to his vendees.