# M & N Cigar Manufacturers, Inc., Cleveland, Ohio, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 100679.  Promulgated October 29, 1940.

*Charles M. Trammell, Jr., Esq.*, and *Marion C. Toomey, Esq.*, for the petitioner.

*R. H. Transue, Esq.*, for the respondent.

## OPINION.

Black: The Commissioner has determined deficiencies against petitioner as follows:

|  | 1934 | 1935 |
| --- | --- | --- |
| Income tax | $1,220.12 | $379.69 |
| Excess profits tax | 195.12 | |

The petitioner assigns two errors as follows:

a. The Commissioner erroneously disallowed for the calendar year 1934 a deduction for taxes paid in the taxable year in the amount of $8,938.98, in the form of processing taxes.

b. The Commissioner erroneously disallowed for the calendar year 1935 a deduction for taxes paid in the taxable year in the amount of $2,761.36, in the form of processing taxes.

Petitioner in support of the foregoing assignments of error alleged the following facts:

a. The taxpayer included in the total sum of taxes deducted in its income tax return for the calendar year 1934 the sum of $8,938.98.

b. The sum of $8,938.98, supra, was processing tax attributable to items processed by the taxpayer in the calendar year 1934.

c. The taxpayer included in the total sum of taxes deducted in its income tax return for the calendar year 1935 the sum of $2,761.36.

d. The sum of $2,761.36, supra, was processing tax attributable to items processed by the taxpayer in the calendar year 1935.

e. Taxpayer in due course filed claims for refund of processing taxes on tobacco for 1933, 1934, 1935 and 1936 pursuant to Title VII of the Revenue Act of 1936.

f. In May, 1939, taxpayer's claim for refund of processing taxes on tobacco was compromised for 1933, 1934, 1935 and 1936, whereby taxpayer received the sum of $14,000.00, without interest, for its claim of $17,004.97, with interest.

Respondent in his amended answer admitted the foregoing allegations of fact and also admitted that in determining petitioner's net income for 1934 he disallowed a deduction claimed for processing taxes in the amount of $8,938.98 and for 1935 he disallowed a deduction claimed for processing taxes in the amount of $2,761.36. All the essential facts having been admitted by the respondent in his amended answer, the question to be decided becomes one of law only.

Petitioner states the issue which we have to decide as follows: "Is the deduction of taxes paid by petitioner under the Agricultural Adjustment Act and later refunded to petitioner on basis of unconstitutionality of the Act a proper deduction for the year in which paid?" We think this question must be answered in the affirmative, and hence in petitioner's favor.

If we had before us the question: "Is the refund of $14,000, which petitioner received in 1939 of processing taxes paid in prior years and which petitioner had deducted in determining its net income for such prior years, taxable income to petitioner in 1939?", we would have to answer it in the affirmative. *Estate of William H. Block*, 39 B. T. A. 338; affd., 111 Fed. (2d) 60; *Dixie Margarine Co.*, 38 B. T. A. 471; *Charles W. Nash*, 34 B. T. A. 675; affd., 88 Fed. (2d) 477.

In *Estate of William H. Block*, among other things, we said:

Income tax liability must be determined for annual periods on the basis of facts as they existed in each period. When recovery or some other event which is inconsistent with what has been done in the past occurs, adjustment must be made in reporting income for the year in which the change occurs. No other system would be practical in view of the statute of limitations, the obvious administrative difficulties involved, and the lack of finality in income tax liability, which would result. * * *

*Central United National Bank*, 33 B. T. A. 588; affd., 99 Fed. (2d) 568, is a case which we think strongly supports the contention of petitioner. In that case, taxpayer, on accrual basis of accounting, took deduction under the Revenue Act of 1928, section 23, in the years 1928, 1929, and 1930 for personal property taxes charged against it but not paid at the end of those years. Suits were filed for the purpose of enjoining collection on the basis that the tax was illegally discriminatory. These taxes were later compromised in the year 1932 and taxpayer reported as income for 1932 the amount saved by compromise. The Commissioner held that this could not be done and readjusted taxpayer's returns for years 1929 and 1930 so as to allow deductions only for the amounts accrued for those years as reduced by the compromise in 1932. The Board sustained the taxpayer's treatment of the taxes and overruled the Commissioner. In this we were affirmed by the United States Circuit Court of Appeals.

The Board recently decided, in *Cartex Mills, Inc.*, 42 B. T. A. 894, that processing taxes imposed by the Agricultural Adjustment Act were deductible by a corporation on the accrual basis in the year when such taxes accrued, even though in a later year such taxes were declared by the Supreme Court of the United States to be unconstitutional. It is true that in the *Cartex Mills, Inc.*, case, no refund of the processing taxes paid by the taxpayer in prior years had as yet been made by the Bureau of Internal Revenue, whereas in the instant case the facts show that in 1939 petitioner received a refund of $14,000 without interest in compromise of its claim for refund of $17,004.97 of processing taxes paid by petitioner in prior years. We think that the fact that a refund has been made to petitioner does not serve to distinguish it from the *Cartex Mills, Inc.*, case.

The instant case is distinguishable from *J. A. Dougherty's Sons, Inc.*, 42 B. T. A. 892, because in that case the taxpayer was resisting the taxes in the years in which they were accrued on its books and never did make payment of them, due to the fact that the law imposing such taxes was later declared unconstitutional.

*Decision will be entered for petitioner.*