## J. A. DOUGHERTY'S SONS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7653.

Circuit Court of Appeals, Third Circuit.

June 25, 1941.

S. Leo Ruslander, of Pittsburgh, Pa., (Samuel Kaufman, of Pittsburgh, Pa., on the brief; James A. Graham, of Pittsburgh, Pa., of counsel), for petitioner.

F. E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS, and JONES, Circuit Judges.

JONES, Circuit Judge.

The principal question in this case is whether a corporate taxpayer is entitled to deduct from gross income accruals made within a taxable year for taxes imposed by a statute which, subsequent to the taxable year, was declared unconstitutional. As a result, the taxes were never actually paid. If such accruals may not be deducted, then the taxpayer claims a right, under the Revenue Act of 1936, 26 U.S.C.A.Int.Rev. Acts, page 819 et seq., to a credit commensurate with the accruals in determining its liability for the undistributed profits tax. The facts in the case were stipulated by the parties in the proceeding before the Board of Tax Appeals.

The taxpayer, a Maryland corporation, having its principal office in Philadelphia, Pennsylvania, was authorized to conduct, and during the years 1935, 1936 and 1937 did conduct, the business of distilling, warehousing and selling spiritous and vinous liquors at wholesale. It kept its books of account on an accrual basis and filed its income tax returns accordingly. During the years in question the State of Pennsylvania levied a tax on spiritous and vinous liquors pursuant to the Act of November 22, 1933, Pa. Laws, Special Session of 1933, p. 5, as amended by the Act of December 22, 1933, Pa.Laws, Special Session of 1933, p. 94, and known as the "Spiritous and Vinous Liquor Floor Tax Law". The taxpayer, which was subject to the State's levy, set up on its books as a liability for each of the years in question sums which, admittedly, represented in amount proper accruals for the respective years on account of the State floor tax.

The taxpayer duly reported to the State the amount of liquors on hand subject to the floor tax for each of the years in question but did not pay the tax because of extensions in time of payment which the State granted from time to time. Ultimately, the Commonwealth of Pennsylvania brought suit against the taxpayer for the recovery of the floor taxes for the particular years. (This method of enforcement was presumably chosen by the State in order to have the question of the tax statute's validity judicially determined with least inconvenience to taxpayers in the event the statute was declared invalid.) The taxpayer filed an affidavit of defense alleging that the Act under which the taxes were levied was unconstitutional. This suit was never heard due to the fact that the Supreme Court of Pennsylvania on June 30, 1938, in another suit to which the taxpayer was not a party (Commonwealth ex rel. v. A. Overholt & Co., Inc., 331 Pa. 182, 200· A. 849), held the Pennsylvania "Floor Tax" Act of 1933 to be unconstitutional.

In its income tax returns for 1935, 1936 and 1937 the taxpayer had deducted from its gross income the amounts of the accruals for the Pennsylvania floor taxes as shown by its books. The Commissioner disallowed these deductions and assessed deficiencies in income tax for the year 1935 and in income taxes and undistributed profits taxes for the years 1936 and 1937.

It is the Commissioner's contention that the taxpayer's liability for the Pennsylvania floor taxes never accrued within the meaning of the Federal Revenue Acts and that the amounts set up on the taxpayer's books on account of the floor taxes never became proper deductions from gross income. The taxpayer, on the other hand, contends that the accruals for the floor taxes, in concededly proper amounts, were deductible from its gross income, for the years in which they were accrued, by virtue of the express terms of Section 23(c) of the applicable Revenue Acts, 1934 and 1936, 26 U.S.C.A.Int.Rev.Acts, pages 672, 827, and that, even if not so deductible, the taxpayer is entitled to credit, under Section 26(c) of the Revenue Act of 1936, 26 U.S. C.A.Int.Rev.Acts, page 836, against its liability for surtax on undistributed profits to the amount of the accruals for the floor taxes, which sums the taxpayer had not been free in 1936 and 1937 to distribute to its stockholders by way of dividends. Under the taxpayer's primary contention the deductions for the accrued floor taxes in 1935, 1936 and 1937 would be restored as income to the taxpayer for the year (1938) when the invalidity of the levies was judicially determined.

The particular hardship to the taxpayer (which the Board perceived and which the taxpayer would avoid if allowed the credit, which it claims, against the undistributed profits tax) grows out of the fact that the Pennsylvania Tax Act was declared unconstitutional in a year subsequent to the taxable years in which the accruals were made, while in the meantime the federal tax on undistributed profits had been enacted and had become effective in the year 1936. Hence, the taxpayer's necessary accrual on its books of the Pennsylvania

floor taxes for the respective years rendered the sums so accrued unavailable for dividend distribution in the taxable years. The effect, therefore, of the Commissioner's ultimate disallowance of the taxpayer's deductions for the accrued 1936 and 1937 floor taxes is to restore earnings, pro tanto, to those years and at once render them subject to the federal undistributed profits tax. Thus, of the deficiency tax assessed for the year 1936, $9,979.47 thereof represents surtax on undistributed profits for that year, and, of the deficiency assessed for 1937, $14,117.94 represents the tax on undistributed profits for that year. There is evidence in the case (to which the opinion of the Board makes reference) that, except for the Pennsylvania floor tax, dividends would have been declared and paid by the taxpayer in 1936 and 1937 to an extent at least equal to the amount of the floor taxes accrued for those years. The taxpayer argues that, in such event, it would never have become subject to surtaxes on undistributed profits for 1936 and 1937, had it been free to distribute its earnings without thought for accruals on account of the Pennsylvania floor taxes.

The Board of Tax Appeals held that the credits allowed by Section 26(c) (1) and (2) of the Revenue Act of 1936 in determining a corporation's liability for surtax on undistributed profits were not available to the taxpayer under the facts shown in this case. We agree with that conclusion, but the matter is no longer of importance in the view we take with respect to the taxpayer's right to deduct from its gross income the accruals for floor taxes in the respective years for which accruals were properly made, even though the Act imposing that tax was later declared unconstitutional and the taxes were never paid.

The Revenue Acts applicable to the years here involved are the Acts of 1934 and 1936. Section 23(c) as contained in each of these Acts, 26 U.S.C.A.Int.Rev.Acts, pages 672 and 827, is identical and provides as follows:

"§ 23. *Deductions from Gross Income.* In computing net income there shall be allowed as deductions:

* * * * *

"(c) Taxes Generally. Taxes paid or accrued within the taxable year * * *."

It is not open to question that the deductions from gross income taken by the taxpayer in 1935, 1936 and 1937 were for accruals made by the taxpayer within the respective taxable years in proper amounts because of the taxpayer's liability for the particular levies. This, it seems to us, brings the deductions within the very words of Sec. 23(c) unless, as the Board reasoned, the later determined invalidity of the Pennsylvania Tax Act and the fact that the taxpayer never actually paid the taxes removes the accruals from the category of taxes accrued as contemplated by the Revenue Acts.

Although it was formerly held that an unconstitutional statute is a nullity ab initio (see Norton v. Shelby County, 118 U.S. 425, 442, 6 S.Ct. 1121, 30 L.Ed. 178, and Chicago, Indianapolis & Louisville Railway Co. v. Hackett, 228 U.S. 559, 566, 33 S.Ct. 581, 57 L.Ed. 966), more lately it has been recognized that the consequences of action taken or restricted in obedience to the requirements of a statute which subsequently is declared unconstitutional are to be appraised and adjudged in the light of the compulsion exerted by the statute prior to its determined invalidity. In Chicot County Drainage District v. Baxter State Bank et al., 308 U.S. 371, page 374, 60 S.Ct. 317, 318, 84 L.Ed. 329, Mr. Chief Justice Hughes, speaking for the Supreme Court, after specifically referring to the Norton and Hackett cases cited supra, said, "It is quite clear, however, that such broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications. The actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects,—with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination." See Phipps et al. v. School Dist. of Pittsburgh et al., 3 Cir., 111 F.2d 393, 395. Nowhere is the propriety of recognizing and accrediting a status produced by a statute before its unconstitutionality has been judicially declared more strongly indicated than it is in the case of tax statutes. The subject taxpayer is under compulsion to pay due regard to

the requirements of the statute until its invalidity has been authoritatively adjudicated. The Board of Tax Appeals has so recognized in a number of cases where deductions have been allowed for taxes paid under statutes which were later held to be invalid.[1] The fact that, in the Board cases just referred to, the taxes had been paid within the taxable year rather than accrued is of no moment upon a consideration of the effect of a tax liability imposed by a statute prior to an adjudication of its invalidity. In the case of Cartex Mills, Inc. v. Commissioner, 42 B.T.A. 894, it was aptly said that, "To conclude, in an interpretation of the revenue acts, that substantial amounts paid pursuant to a taxing statute, vigorously enforced by the sovereign and not declared unconstitutional until a later year, are not 'taxes paid or accrued within the taxable year' within the meaning of the revenue act would be, by way of understatement, highly impractical."

■ It is our opinion that, notwithstanding the later determined unconstitutionality of the Pennsylvania Floor Tax Act, the tax levies made pursuant thereto for the years 1935, 1936 and 1937 imposed upon the taxpayer a liability for each of the years in question which it was its duty to pay or accrue within the respective taxable years. All of the events imposing the tax occurred in each of the several years for which deduction is claimed. See United States v. Anderson et al., 269 U.S. 422, 441, 46 S.Ct. 131, 70 L.Ed. 347, and Commissioner v. Central United National Bank, 6 Cir., 99 F.2d 568, 570. The cases which the Commissioner cites (e. g. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010) in support of his argument that the liability for the floor taxes had not been sufficiently determined for the years in question to permit the deductions claimed are not in point here. Deductions made for accruals against liability growing out of private transactions and subject to private compromise or adjustment do not in the first instance present the definiteness and finality of a tax levied by a sovereign authority for a year certain.

The difference in certainty of liability between a levied tax and an ordinary fiscal obligation seems to us to be self-evident. In the case of a tax, when the taxpayer recognizes his liability by accruing it on his books in a proper amount, the accrual may be said to be complete for all current accountancy purposes.

■ The Commissioner apparently concedes, as indeed he must under the Board cases which he cites, that had the taxpayer paid the floor taxes in the particular years in which they were levied, it would be entitled to claim deduction therefor even though such tax payments were later restored to the taxpayer by refund. Such is the effect of the ruling by the Board in the M. & N. Cigar Co. case, Note 1, supra. There the Board allowed the taxpayer's deduction for the payment of unconstitutionally imposed taxes, which had been paid in the taxable year then pending before the Board, notwithstanding that the taxpayer had filed a claim for refund immediately after its tax payment and had in fact received refund. From the standpoint of deductions from gross income allowed by the Revenue Acts for taxes paid or accrued, it is difficult to perceive any difference between accrued taxes not paid and taxes paid but refunded. To differentiate, as the Commissioner urges, would require that we read into Sec. 23(c) something that is not there. That Section authorizes deduction for "Taxes paid or accrued within the taxable year". Yet, the Commissioner would have it apply only to taxes paid or accrued *and* paid within the taxable year. The contention, if adopted, would render the word "accrued" in the statute useless, —a thing which a court may not properly do.

■ From what we have said, it follows that the accruals for Pennsylvania floor taxes made by the taxpayer in the years 1935, 1936 and 1937 were proper when made and, as such, were deductible from gross income in the respective taxable years under Sec. 23(c) of the Revenue Acts of 1934 and 1936. The Commissioner's deficiency assessments based on his disal-

---

[1] M. & N. Cigar Manufacturers, Inc. v. Commissioner, 42 B.T.A. 1091; Smith Packing Co. v. Commissioner, 42 B.T.A. 1054; Estate of Davies v. Commissioner, 42 B.T.A. 965; Cartex Mills, Inc. v. Commissioner, 42 B.T.A. 894; Central Loan & Investment Co. v. Commissioner, 39 B.T.A. 981; Charles W. Nash v. Commissioner, 34 B.T.A. 675, affirmed 7 Cir., 88 F.2d 477, certiorari denied 301 U.S. 700, 57 S.Ct. 930, 81 L.Ed. 1355; Chevy Chase Land Co. v. Commissioner, 34 B.T.A. 150; Charles F. Fawsett v. Commissioner, 30 B.T.A. 908; E. L. Bruce Co. v. Commissioner, 19 B.T.A. 777.

704

lowance of the deductions were, therefore, in error.

The decision of the Board of Tax Appeals is reversed.