LITTLE ROCK SPECIAL SCHOOL DISTRICT *v.* ARKANSAS PUBLIC SERVICE COMMISSION.

4-7895                                   194 S. W. 2d 874

Opinion delivered May 27, 1946.

Rehearing denied June 24, 1946.

*John M. Rose,* for appellant.

*Will G. Akers, Beloit Taylor, Frank Chowning, Verne McMillen, Pat Mehaffy, M. J. Harrison* and *Owens, Ehrman & McHaney,* for appellee.

*E. Chas. Eichenbaum* and *Charles Mehaffy, amici curiae.*

McHANEY, Justice. In June, 1945, appellants, who, in addition to the School District, are Pulaski County, City of Little Rock and John M. Rose, a property owner, filed a petition with appellee, or the Tax Division of appellee, styled "In the Matter of the Taxation of the Shares of Stock." This petition was addressed to appellee and sought a revision of Assessment Form 16, as prescribed by the Commission for the use of the several county assessors in assessing banks and domestic insurance companies. The principal revision sought by petitioners was the revision of Form 16 so as to make it applicable for and require its use by the several county assessors for the assessment of the shares of stock of all domestic corporations to be assessed against said corporations as agent of the shareholders, and not merely applicable to banks and domestic insurance companies. Other changes or revisions in said Form 16 were sought

in the wording thereof to the end that the revenue accruing to appellants, the School District, the County and the City, might be increased through the assessment of shares of stock in all domestic corporations, including banks and insurance companies.

Notice of the filing of said petition was given and a number of responses were filed,—one by corporations other than banks and insurance companies, one by the Arkansas Bankers' Association and through it all the banks, both state and national, and one or more by several domestic insurance companies, and two individuals, attorneys, were permitted to file a response to the petition.

The matter was set for hearing, was briefed and argued, and, after due consideration, the petition to revise Form 16 was denied. An appeal was prayed and granted to the circuit court of Pulaski county, where, on motion, the appeal was dismissed, and appellants prayed and were granted an appeal to this court.

We think the circuit court properly dismissed the appeal to it for the reason that such an appeal is not authorized by statute and that no justiciable issue is presented to the courts for decision.

The statutes on which appellants base their right of appeal to the circuit court and to this court are §§ 20 and 21 of Act 124 of 1921, p. 177, now §§ 2019 and 2020 of Pope's Digest. Said Act 124 abolished the Arkansas Corporation Commission and created the Arkansas Railroad Commission in § 1. The jurisdiction of the new Arkansas Railroad Commission was limited to all matters pertaining to the regulation and operation of public utilities,—carriers, railroads, etc., naming 16 utilities in § 5, with the reservation of certain powers in municipalities. Appeals are also provided for in § 19 of said Act 124 from the action of municipalities to the circuit court under the conditions therein set out. It appears to us that the whole substance of said act relates to the regulation and operation of public utilities, and that the right of appeal by "any party aggrieved," as used in said

§§ 20 and 21, has reference only to any party aggrieved on account of an order made by the Commission in a proceeding involving the regulation or operation of a public utility, and no public utility is involved in this proceeding.

Furthermore, we think no justiciable issue is here presented for the courts to decide. A petition is presented to the Commission asking it to change a form prepared by it and distributed to the various county assessors to be further distributed to banks and domestic insurance companies for making returns of their intangibles, shares of stock. It is contended that such form ought to go to all domestic corporations and not merely to banks and insurance companies, and certain other complaints are made of said form. No particular assessment of taxes is involved. The courts are not asked to compel by mandamus the issuance by the Commission of the form suggested by appellants, even if such an action would lie. The Commission was asked by appellants to change or revise its form to comply with their view of the law, and it declined to do so, and they have appealed. They have named the Commission as appellee, but we do not find that it was ever made or became a party to the appeal or otherwise, nor did it make any order, except to say that "the petition for the revision of Commission Form No. 16 be, and the same is hereby, denied."

Whether this action of the Commission was right or wrong, the appeal does not present a question for decision by the courts that would be binding on the Commission and any decision on the merits would be in the nature of a declaratory or advisory judgment, which the courts of this State have no power to render.

The legislature of 1917 enacted Act No. 262, entitled "An Act to provide for the assessment for taxation of companies, associations and corporations engaged in all kinds of insurance, security, guaranty and indemnity business, and assessing for taxation the intangible property of all corporations." Section 2 of that act undertook to provide for the assessment of the capital stock

of "all corporations doing business in this State," except utilities and those provided for in § 1, such as domestic insurance companies and banks. This court, in *State ex rel. Attorney General* v. *Lion Oil & Ref. Co.*, 171 Ark. 209, 284 S. W. 33, held that section unconstitutional as to foreign corporations, because the situs of the shares of stock of such corporations is in another state and could not be taxed to the corporations in this State. In *State ex rel. Attorney General* v. *Williams-Echols Dry Goods Co.*, 176 Ark. 324, 3 S. W. 2d 340, we held said statute unconstitutional as to domestic corporations because the provisions of the Act were not severable.

From that time, 1928, to this the legislature has not enacted any new legislation attempting to tax the shares of stock of ordinary business corporations. Whether § 13741 of Pope's Digest, the section relied on by appellants as requiring the Commission to demand the report therein set out of all ordinary domestic business corporations, is unconstitutional for the same reason as stated in the Williams-Echols case, *supra,* is not before us and is not decided.

For the reasons stated above, the judgment of the circuit court in dismissing the appeal is correct and is affirmed.