WILSON, COLLECTOR v. OKLAHOMA TIRE & SUPPLY COMPANY.

4-8055                                    199 S. W. 2d 328

Opinion delivered February 3, 1947.

*Curtis L. Ridgway* and *Jay M. Rowland,* for appellant.

*Owens, Ehrman & McHaney* and *Herschell Bricker,* for appellee.

SMITH, J.   The Tax Assessor of Garland county assessed an intangible property tax against the appellees, Oklahoma Tire & Supply Company and the Kroger Grocery & Baking Company, based upon the assumed apportionment of intangible assets attributable to their operations in Garland county, Arkansas, under the supposed authority of Act 47 of the Acts of the General Assembly of 1927, appearing as § 13744 of Pope's Digest.

When the Collector attempted to collect these taxes appellees filed a complaint in the Chancery Court denying ownership of any intangible property subject to taxation, and alleged that they had paid all taxes properly assessed against them, and they prayed that the Collector be restrained on the ground that the collection of these taxes would be a taking of their property without due process of law.

A demurrer was filed by the Collector on the ground that the complaint did not state facts sufficient to constitute a cause of action, and on March 12, 1946, the court overruled the demurrer. The Collector stood on the demurrer and refused to plead further, and a decree was entered enjoining the collection of the taxes from which decree is this appeal.

The case presented is controlled by the opinions in the cases of *State, ex rel Atty. Gen.* v. *Lion Oil Refining Co.,* 171 Ark. 209, 284 S. W. 33, and *State, ex rel Atty. Gen.* v. *Williams-Echols Dry Goods Co.,* 176 Ark. 324, 3 S. W. 2d 340, and upon the authority of these cases, the decree from which is this appeal must be affirmed.

The cases just cited involved the question of the constitutionality of the statutes under which the instant case arose.

The first of the cases above cited arose over the attempt of the Attorney General to collect certain back taxes alleged to be due by the Lion Oil Refining Company, a foreign corporation. The suit was predicated upon § 9965 of Crawford & Moses' Digest, which was a part of the Act of March 17, 1917, p. 1355, numbered 262. The Act was held unconstitutional as applied to foreign corporations. The case of *State, ex rel Atty. General* v. *Williams-Echols Dry Goods Company, supra,* was a similar suit by the Attorney General to collect back taxes from a domestic corporation under the authority of the same section of the statutes, and the Act was held to be unconstitutional as applied to domestic corporations for the reason that the provisions of the Act were not severable.

The Act of March, 1917, was amended by Act 47 of the Act of 1927, and the amendatory act appears as § 13744, Pope's Digest. But the change effected is unimportant so far as the question here under consideration is concerned. This fact does not appear to be questioned by appellant who insists however, that the instant case is distinguishable from the former cases in that the former cases were suits by the Attorney General to collect back taxes which had not been assessed, whereas, the instant suit is one to collect current taxes which have been assessed.

This distinction is unimportant for the reason that the Attorney General could not maintain his suit for back taxes unless such taxes were due and unpaid and the former opinion was based upon the holding that the Act under which the suit had been brought was void, and the payment of the taxes could not be enforced for that reason.

It is urged that the court went too far in the Lion Oil Refining Company case in holding the Act unconstitutional, as the Attorney General was trying to enforce it contrary to its provisions. But as we have said, the opinion was not based upon that ground, but upon the broader ground that the Act was invalid, and we test the constitutionality of legislation, not by what is attempted under it, but upon a consideration of what is permitted by it. *Pulaski County* v. *Commercial Nat. Bank,* 210 Ark. 124, 194 S. W. 2d 883.

Appellant in effect asks us to overrule the Lion Oil Refining Co. case, and argues that the case of *Alpha Portland Cement Co.* v. *Commonwealth of Mass.,* 268 U. S. 203, 45 S. Ct. 477, 69 L. Ed. 916, 44 A. L. R. 1219, and *Underwood Typewriter Co.* v. *Chamberlain,* 254 U. S. 113, 41 S. Ct. 45, 65 L. Ed. 165, would support that action. The first answer to that contention is that these cases last cited involved the collection of excise taxes, and not *ad valorem* taxes as in the instant case. It was said in the case of the Lion Oil Refining Company of the taxes there involved that "It is in no sense an excise tax, such as was under consideration in *Alpha Portland Cement*

*Co.* v. *Massachusetts,* 268 U. S. 203, 45 S. Ct. 477, 69 L. Ed. 916, 44 A. L. R. 1219, and cases cited.

In the recent case of *Little Rock Special School Dist.* v. *Public Service Comm.,* 210 Ark. 165, 194 S. W. 2d 874, we said: "This court, in *State, ex rel* v. *Lion Oil Refining Co.,* 171 Ark. 209, 284 S. W. 33, held that section (Act 262, Acts of 1917) unconstitutional as to foreign corporations, because the *situs* of the shares of stock of such corporations is in another state and could not be taxed to the corporations in this State. In *State, ex rel* v. *Williams-Echols Dry Goods Co.,* 176 Ark. 324, 3 S. W. 2d 340, we held said statute unconstitutional as to domestic corporations because the provisions of the Act were not severable."

Believing that our decisions are correct, we decline to overrule them, and the decree from which is this appeal must be affirmed, and it is so ordered.