MASHBURN, COLLECTOR *v.* AUTO FINANCE CORPORATION.

5-448                                       271 S. W. 2d 621

Opinion delivered October 11, 1954.

*Rose, Meek, House, Barron & Nash, W. Dane Clay* and *John W. Bailey,* for appellant.

*Townsend & Townsend,* for appellee.

ED. F. McFADDIN, Justice. This suit stems from an attempt to collect a tax on the capital stock of the appellee. The question here presented relates to Sec. 1 of Act 262 of 1917, which is now found in § 84-503 Ark. Stats. The appellee insists that this section was held to be unconstitutional in the case of *State* v. *Williams-Echols D. G. Co.,* 176 Ark. 324, 183 Ark. 1150, 3 S. W. 2d 340. The appellant urges: (a) that the cited case decided only that Sec. 2 of the Act 262 of 1917 was unconstitutional; and (b) that we have never held Sec. 1 of the said Act 262 to be unconstitutional.

The Auto Finance Corporation is an Arkansas corporation, domiciled in Pulaski County, and engaged in the business of making loans. For the year 1952, the Pulaski Equalization Board—purporting to act under the provisions of § 84-503 Ark. Stats.—assessed the *value of the capital stock* of the appellee. Appellee assessed and tendered the tax on its *tangible personal property,* but refused to pay the tax on the *capital stock,* assessed as aforesaid under § 84-503; and the appellee filed this suit to challenge such capital stock assessment. The Lower Court held the Statute to be void, and this appeal ensued. The appellants are Mashburn, Tax Collector of Pulaski County, and the Little Rock Special School District, which intervened below in support of Mashburn.

As stated, § 84-503 Ark. Stats. is Sec. 1 of Act 262 of 1917; and our cases on this 1917 Act point the way to our present holding. The said 1917 Act was captioned: "An Act to provide for the assessment for taxation of companies, associations and corporations engaged in all kinds of insurance, security, guaranty, and indemnity business, and assessing for taxation the intangible property of all corporations." Sections 1 and 2 of the Act are hereinafter discussed. Section 3 is the penalty section, and Section 4 repeals § 6936 Kirby's Digest, and all laws in conflict with the Act 262. *State* v. *Lion Oil Refining Co.*, 171 Ark. 209, 284 S. W. 33, involved the Act 262; and in an opinion by Justice Hart, this Court said:

"The provisions of the statute do not fit in with any constitutional power of the State over the taxation of the property of foreign corporations, and we do not think that it was the intention of the Legislature that the statute should be applicable to foreign corporations."

The Lion Oil Company case—involving a *foreign* corporation—was decided in 1926. Then, in 1928, there was decided the case of *State* v. *Williams-Echols D. G. Co.*, 176 Ark. 324, 183 Ark. 1150, 3 S. W. 2d 340. In the Williams-Echols case, there was an attempt by the State to proceed against an *Arkansas* corporation under Act 262 of 1917; and in deciding against the State, this Court, in an opinion by Chief Justice Hart, said:

"The necessary effect of our opinion in that case[1] was to hold the statute unconstitutional, so far as it applied to foreign corporations. Otherwise, we would have held that its terms did not include foreign corporations, and this would have ended the case. The reason that we reserved the question whether the unconstitutional part was severable from the remainder was because we did not deem it wise or expedient to pass upon the question of its constitutionality in so far as it related to domestic corporations until that issue was squarely presented and fully argued, as has been done in the case at bar."

---

[1] That is, *State* v. *Lion Oil Co.*, 171 Ark. 209, 284 S. W. 33.

And on re-hearing in the Williams-Echols case, 183 Ark. 1150, Chief Justice Hart said:

"Having held the statute of 1917 to be unconstitutional, it is in legal contemplation as inoperative as though it had never been passed."

Thus in the Williams-Echols case, this Court held "the statute" to be unconstitutional as regards domestic corporations, because the Statute did not show an intention to classify corporations as (a) domestic, and (b) foreign; and to provide separate methods of taxation for each, so as to be severable. The opinion of this Court in the Williams-Echols case completely refutes the contention of the appellants in the case at bar.

In a series of cases since the Williams-Echols case, we have recognized the effect of that decision to be as just stated: in *Little Rock Special School Dist.* v. *Ark. Public Service Comm.*, 210 Ark. 165, 194 S. W. 2d 874, in speaking of the Act 262 of 1917, we said:

"In *State ex rel Attorney General* v. *Williams-Echols Dry Goods Co.*, 176 Ark. 324, 3 S. W. 2d 340, we held said statute unconstitutional as to domestic corporations because the provisions of the Act were not severable."

And again, in *Wilson* v. *Oklahoma Tire & Supply Co.*, 211 Ark. 77, 199 S. W. 2d 328, in speaking of Act 262 of 1917, we said:

"The case of *State, ex rel Atty. General* v. *Williams-Echols Dry Goods Company, supra,* was a similar suit by the Attorney General to collect back taxes from a domestic corporation under the authority of the same section of the Statutes, and the Act was held to be unconstitutional as applied to domestic corporations for the reason that the provisions of the Act were not severable."

In the light of the foregoing, the Chancery Court was correct, and the decree is affirmed.

*Mr. Justice George Rose Smith* not participating.