**DAVIES' ESTATE v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8917.

Circuit Court of Appeals, Sixth Circuit.

March 5, 1942.

John L. Davies, Jr., of Columbus, Ohio (John L. Davies, Sr., of Columbus, Ohio, on the brief), for petitioners.

Samuel H. Levy, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and A. F. Prescott, Jr., and S. Dee Hanson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The Board of Tax Appeals upheld a deficiency assessment by the Commissioner of Internal Revenue, in the amount of $74,824.14, in the 1935 income tax liability of David Davies, now deceased. The executors of the estate of the taxpayer have petitioned this court for review.

The deceased taxpayer, a meat packer, kept his books upon an accrual basis. In computing his profit for the calendar year 1935, he claimed as a deduction processing taxes on hogs in the amount of $142,734.52.

The Agricultural Adjustment Act of May 12, 1933, Chapter 25, 48 Stat. 31, 7 U.S.C.A. § 601 et seq., was operative during 1935. The Act provided for the collection of processing taxes by the Bureau of Internal Revenue, under the direction of the Secretary of the Treasury; stipulated that every person liable for the tax should make monthly returns under oath; and, by reference to Section 626(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, page 623, directed that processing taxes should be due and payable to the

---

Collector of Internal Revenue of the district in which the taxpayer was located at the time of the filing of each monthly processing tax return, without assessment by the Commissioner or notice from the collector. §§ 19(a) and 19(b).

Hogs were declared to be a basic agricultural commodity by Section 11 of the Act; and the processing tax on the commodity was fixed for the calendar year 1935 at $2.25 per hundred weight. The decedent was subject to the payment of processing taxes for the slaughter of hogs. Pursuant to promulgated regulations, he filed returns for the months from February to November, 1935, inclusive.

On August 29, 1935, he obtained from the United States District Court for the Southern District of Ohio a restraining order against the collection of the taxes; and, pursuant to that order, deposited in escrow $59,049.44, representing the processing taxes assessed against him for the months from February to June, 1935, inclusive. He did not pay in escrow, or to the Collector of Internal Revenue, however, processing taxes amounting to $65,-861.25 for the months of July to November, 1935, inclusive. The decedent prepared, but did not file, a return for processing taxes amounting to $17,823.83 for the month of December, 1935.

Upon filing each processing tax return covering the months of February to November, 1935, inclusive, he entered and accrued upon his books of account the amount of the tax listed in the return as a debit to "merchandise purchases, hog tax," or "merchandise purchases, pork," and as a credit to accounts payable.

On January 6, 1936, the Supreme Court of the United States declared the Agricultural Adjustment Act unconstitutional. United States v. Butler, 297 U.S. 1, 56 S. Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. On January 13, 1936, the Supreme Court held that funds for accruing processing taxes impounded by court order should be returned to the taxpayers. Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513.

On January 19, 1936, the United States District Court ordered that $59,049.44 deposited in escrow by the decedent, in compliance with the previous court order, should be and the same was returned to him.

In holding, on these facts, that the decedent taxpayer was not entitled to deduction from his gross income for 1935 of any processing taxes so accrued, the Board of Tax Appeals based its decision upon its previous ruling in the matter of J. A. Dougherty's Sons, Inc., v. Commissioner of Internal Revenue, October 8, 1940, 42 B.T.A. 892, where deduction was denied "for accrued taxes which were resisted, were never paid, and were declared unconstitutional prior to the filing of the petition."

But the ruling of the Board in the case, which it applied as the basis of decision of the instant controversy, was reversed on review. J. A. Dougherty's Sons, Inc., v. Commissioner of Internal Revenue, 3 Cir., June 25, 1941, 121 F.2d 700. The Court of Appeals held that a taxpayer, whose books were kept on an accrual basis, was entitled to deduct from gross income taxes set up on the taxpayer's books within the taxable years and shown on its income tax returns, where the taxes were imposed by a state statute held unconstitutional subsequent to the taxable years involved, even though the taxes were never actually paid.

Applying the modern doctrine declared by the Supreme Court in Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 374, 60 S.Ct. 317, 84 L.Ed 329, that the actual existence of a statute prior to a determination of its unconstitutionality "is an operative fact and may have consequences which cannot justly be ignored," the Court of Appeals for the Third Circuit said (121 F.2d op. 702, 703) : "Nowhere is the propriety of recognizing and accrediting a status produced by a statute before its unconstitutionality has been judicially declared more strongly indicated than it is in the case of tax statutes. The subject taxpayer is under compulsion to pay due regard to the requirements of the statute until its invalidity has been authoritatively adjudicated. The Board of Tax Appeals has so recognized in a number of cases where deductions have been allowed for taxes paid under statutes which were later held to be invalid. * * * All of the events imposing the tax occurred in each of the several years for which deduction is claimed. See United States v. Anderson et al., 269 U.S. 422, 441, 46 S. Ct. 131, 70 L.Ed. 347, and Commissioner v. Central United National Bank, 6 Cir., 99 F.2d 568, 570."

It was pointed out that Lucas v. American Code Company, 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010, and

other cases cited by the Commissioner were not in point, for the reason that deductions for accruals against ordinary fiscal obligations arising from private transactions and subject to private compromise or adjustment do not present the definiteness and finality of a tax levied by sovereign authority for a definite year; and that when a taxpayer recognizes his liability by accruing it on his books in the proper amount, such accrual is complete for all current accountancy purposes.

We concur in the reasoning and in the conclusions of our brethren of the Third Circuit. The fact that the unconstitutional tax involved in their case was a state tax, while in ours the unconstitutional processing tax was a federal tax presents a difference without distinction in legal effect.

In Commissioner of Internal Revenue v. Central United National Bank, 6 Cir., 99 F. 2d 568, 570, this court held that, where it appeared that events which rendered a taxpayer on an accrual basis liable for the full amount of taxes claimed as deductions had occurred within the taxable years, the fact that the taxpayer brought suit to restrain collection in no wise affected the validity of the taxes or the legal obligation to pay them; and subsequent compromise of the taxes did not authorize the Commissioner of Internal Revenue to readjust the taxpayer's returns so as to allow deductions only of amounts finally actually expended by the taxpayer in taxes for the years involved. The same principle applies here. The fact that, in the one case, accrued taxes were compromised and, in the other, were held unconstitutional is deemed immaterial. In both cases, payment of the tax was resisted by the taxpayer.

No authorities cited by the Commissioner, including those especially stressed [Bauer Bros. Co. v. Commissioner of Internal Revenue, 6 Cir., 46 F.2d 874; and Uncasville Mfg. Co. v. Commissioner of Internal Revenue, 2 Cir., 55 F.2d 893], are found, upon analysis, to be contrary to the decision in J. A. Dougherty's Sons, Inc., v. Commissioner of Internal Revenue, supra, with which this court is in accord and finds applicable here.

In our judgment, the petitioners are entitled to no allowance as a deductible item of the processing tax for December 1935, in the amount of $17,823.83, as no return of the same was filed by their decedent with the Collector of Internal Revenue, as required.

The decision of the Board of Tax Appeals is reversed; and the cause is remanded with direction that, in computation of decedent's 1935 income tax, petitioners be allowed a deduction of $124,910.69 from the gross income of their decedent, David Davies, on account of the accrued processing taxes from February to November, 1935, inclusive.