## ATHENS ROLLER MILLS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9430.

Circuit Court of Appeals, Sixth Circuit.

June 1, 1943.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

S. Dee Hanson, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, and A. F. Prescott, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

A proceeding to review a decision of the Board of Tax Appeals (now the Tax Court of the United States) determining a deficiency against the petitioner in income taxes and excess profits taxes respectively for the year 1935 in the amounts of $809.-19 and $276.43.

The taxpayer is a corporation organized under the laws of the State of Tennessee and engaged in the milling business. It consistently keeps its books and files its income tax returns on the accrual basis Taxpayer made payments of processing taxes in the year 1935 in the total amount of $6,844.63. Of this sum $1,983.00 was for taxes due in 1934 and $4,857.61 for taxes due in 1935 and $3.97 penalty for the latter year. In addition to the foregoing payments, the taxpayer accrued on its books but did not ·pay, $7,092.70 taxes due for the year 1935. The taxpayer, in making its income and excess profits tax return for the calendar year 1935, deducted from gross income as taxes paid or accrued processing taxes of $7,106.87.

On March 9, 1939, the respondent on audit and review disallowed the processing taxes claimed by the taxpayer as a deduction on the ground that "it appears that these taxes were invalidly imposed in accordance with the decision of the Supreme Court in United States v. William M. Butler et al., 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, and inasmuch as the records of the Bureau disclose that you have filed a claim for refund alleging that the taxes so paid are refundable pursuant to the provisions of Title VII of the

Revenue Act of 1936 [7 U.S.C.A. § 644, et seq.]."

On January 6, 1939, the taxpayer petitioned the Board for review. The Commissioner in his answer, by way of a claim for increased deficiencies in income and excess profits taxes, stated that in his original statutory notice of deficiency he had failed to take into consideration the amount of $7,092.70 which represented taxes imposed under the Agricultural Adjustment Act, but not paid by the taxpayer, which sum the taxpayer had included in the cost of goods sold, and that the cost of goods sold as claimed in the taxpayer's original return should be reduced $7,092.70. The Board, after making certain adjustments favorable to the taxpayer and not in controversy here, disallowed as a deduction from the taxpayer's original return under the item designated "taxes," processing taxes in the sum of $7,092.70 on the ground that this sum had been accrued in the taxpayer's accounts, but not paid before the Statute levying the taxes was declared unconstitutional and within the statutory period of limitation for the adjustment of both income and deductions.

Respondent put in evidence before the Board a claim for refund filed by the taxpayer on March 14, 1940, wherein the taxpayer stated that in its income tax return for the calendar year 1936, it had included in gross income $7,075.71 the amount of processing taxes which it had claimed as a deduction in its original return for the calendar year 1935 and respondent also put into the record the allowance of the taxpayer's refund and a United States Treasury check dated December 9, 1940, in the amount of $845.53, payable to the order of the Athens Roller Mills, Inc., which check showed the indorsement of the payee and also the canceling of the check by payment. The parties stipulated that the check in question represented a tax refund to the petitioner of $706.01 and interest thereon of $139.52 and that said sum was based on petitioner's refund claim.

Respondent now concedes that the Board's order on the ground stated by it was erroneous under the decision of this court in Davies' Estate v. Commissioner of Internal Revenue, 6 Cir., 126 F.2d 294. However, it argues that the Board's decision should be affirmed on other grounds, namely, (a) because the taxpayer failed to prove that it had filed with the Collector appropriate processing tax returns showing that it owed in the aggregate the $7,092.70 in question and (b) that the taxpayer, having recovered a refund on account of the processing taxes reported in its gross income for the calendar year 1936, which it had charged as an expense in 1935, was estopped to question the disallowance of taxes as a deduction by the Commissioner.

It is to be noted that here respondent seeks to raise new questions of law and issues of fact not stated in the Commissioner's statutory notice of deficiency, nor stated in the pleadings before the Board of Tax Appeals nor decided by the Board.

When disentangled from technicalities that formerly plagued courts in the administration of justice, the rule that appellate courts confine themselves to issues raised below in reviewing a decision of the Board of Tax Appeals still has some vitality and the rule should only be cast aside where in exceptional cases this is necessary to prevent a miscarriage of justice. Respondent does not present any new theory of law promulgated by court decisions or statutes nor any phase of the case involving legal theories coming into existence since the decision of the Board. Applying the full scope of appellate review of the decisions of the Board as laid down in Hormel v. Helvering, 312 U.S. 552, 558, 61 S. Ct. 719, 85 L.Ed. 1037, we are of the opinion that the issues raised by respondent are not now open to our consideration. Helvering v. Tex-Penn Oil Company, 300 U.S. 481, 498, 57 S.Ct. 569, 81 L.Ed. 755. As we view the record there is no basis for a remand of the cause to the Board for further proof and findings of fact. General Utilities v. Helvering, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154. Respondent applying the rule laid down by this court in Davies' Estate v. Commissioner, supra, that taxpayer is not entitled to a deduction from gross income for processing taxes accrued but not paid, unless a return was filed with the Collector (Revenue Act of 1932, § 626, 26 U.S.C.A., Internal Revenue Acts, p. 623), insists that as there is no showing in the record or finding by the Board that the taxpayer filed processing tax returns, the taxpayer has failed to carry the burden of proof and therefore the Board's decision should be affirmed. This contention is without merit. The disallowed item here in question was brought into the record as new matter by the respondent. Rule 32, Rules of Practice before the Tax Court of the United States, 26 U.S.C.A. Int.Rev.

Code, following section 5011, provides that the burden of proof shall be upon the petitioner except that in respect to any new matter plead in his answer it shall be upon respondent. Aside from the rule, the burden of proof rests on the Commissioner where he seeks an increase in the deficiency on a ground not stated in his statutory notice of deficiency. Helvering v. Tex-Penn Oil Company, supra; Helvering v. Terminal R. Association of St. Louis, 8 Cir., 89 F.2d 739. Respondent urges that assuming he had the burden of proving the taxpayer had not filed processing tax returns, he has carried it by showing that the taxpayer accrued the processing taxes on its books, but did not pay them and that from this fact, a presumption arises that it did not file the returns. This contention cannot prevail. The record shows that the taxpayer was in financial difficulties and it can be fairly inferred from this that it at least complied with the law to the extent of filing returns. There is a presumption that every person has performed a duty enjoined by law or contract, unless the contrary appears. Presumptions are indulged in only to supply facts based on comparative availability to the respective parties of material evidence.

■ The information as to whether or not the taxpayer had filed the returns in question was in the possession of respondent and could have been easily established by him. The Board disposed of the cause upon quite another theory and the issue here presented was not tried out at all. It would be an obvious injustice to affirm the order merely because a collateral fact was not proved which neither party at the time of the trial considered material.

■ It would not serve the ends of justice to remand this case to the Board to accord respondent an opportunity to prove facts which were known or could have been easily ascertained by him before the trial by the Board. There would be no assurance of any end to litigation over taxes if either the taxpayer or the Commissioner could raise on appeal new issues of fact which facts were in the possession or available to the party before the hearing by the Board.

The Statute of Limitations not having run against the assessment of additional taxes at the time respondent mailed his statutory notice of deficiency and the taxpayer having obtained a refund in 1940 for an overpayment of income taxes in 1936, respondent urges that to avoid a miscarriage of justice, the order of the Board should be affirmed.

■ There is authority for the proposition that the Commissioner may cancel a deduction taken in one year for a tax which taxpayer has accrued or paid, when the tax has been refunded in a later year because unlawfully imposed [Ben Bimberg & Co. v. Helvering, 2 Cir., 126 F.2d 412], but the rule has no application to the case at bar. Petitioner has not obtained a refund for any taxes it paid on the sum here in question. In 1936, it included in its gross income the processing taxes it had claimed as a deduction in 1935 including the amount represented by the deduction in question here and it also filed a refund claim eliminating these sums from gross income for the year 1936, which refund the Commissioner allowed.

■ The income taxing Statutes contemplate that tax liability is to be determined for annual periods on the basis of facts existing at the end of each such period. Under this plan, items deducted from gross income in one year and recovered in a later year become gross income in the year of recovery. The concept of the taxing statutes is violated if items of either gross income or deductions for different years are commingled. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383. In the case at bar respondent seeks to integrate in the year 1935 items of income or deductions which came into existence in 1936 and 1940. This is not permissible under the statutes. The tax injustice arising from confusing annual periods of determining tax liability is here illustrated by the fact that the Commissioner is seeking a deficiency assessment for the year 1935 in the sum of $1,085.62 which he claims petitioner has had returned to it by a refund of only $706.01. The sum received by the taxpayer in 1940 is controlled by the retroactive provisions of the Revenue Act of 1942, Section 116(a), 26 U.S.C.A. Int.Rev.Code, § 22(b), amending Internal Revenue Code, Section 22(b), and to consider it here would only lead to confusion.

The order of the Board is reversed with directions to disallow the deficiencies asserted by respondent.