**BALTIMORE & OHIO R. CO. v. MAGRU-DER, Collector of Internal Revenue.**

No. 5870.

United States Court of Appeals
Fourth Circuit.

Argued April 12, 1949.
Decided May 24, 1949.

John S. Stanley and D. Heyward Hamilton, Jr., Baltimore, Md. (Hershey, Donaldson, Williams & Stanley, Baltimore, Md., on brief), for appellant.

Sumner M. Redstone, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General; Ellis N. Slack, Lee A. Jackson and Virginia H. Adams, Special Assistants to the Attorney General, and Bernard J. Flynn, U. S. Attorney, Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The question on this appeal is whether the plaintiff taxpayer, the Baltimore and Ohio Railroad Company, is entitled to a refund of $190,396.27 in corporate income and excess profits taxes for the year 1936. It paid this sum when the Commissioner of Internal Revenue disallowed a deduction of $2,525,543.91 that the taxpayer had accrued on its books for that year as excise taxes under Section 4 of the Carriers' Taxing Act of 1935, 49 Stat. 974, 45 U.S. C.A. §§ 241 to 253. The District Court granted a motion for summary judgment on the pleadings in favor of the defendant, the Collector of Internal Revenue.

The Carriers' Taxing Act of 1935 became effective March 1, 1936, and provided for an excise tax of 3½ per centum of the compensation not in excess of $300 per month paid by a carrier to its employees. The plaintiff and three of its subsidiaries, as well as many other railroad companies, totaling 138 in all, filed suit on January 6, 1936 in the District Court for the District of Columbia attacking the constitutionality of the Act. On June 16, 1936, the court declared the Act unconstitutional, Alton R. Co. v. Railroad Retirement Board, D.C., 16 F.Supp. 955. Appeal was taken, but on June 29, 1937, before it could be heard, Congress passed the Carriers' Taxing Act of 1937, 50 Stat. 435, 45 U.S.C.A. §§ 261–273, in substitution for the Act of 1935, and thereby cancelled the tax obligations imposed by the earlier statute, and provided for refund of all taxes paid thereunder with respect to compensation earned before December 31, 1936. Accordingly, on July 6, 1937, the carrier's suit was dismissed as moot by the District Court on order of the Court of Appeals of the District of Columbia.

The taxpayer kept its books on the accrual basis as prescribed by the Regulations of the Interstate Commerce Commission, and accrued the taxes due by it under the 1935 Act for the period March to December, 1936; but it filed no returns under the Act and paid no part of the tax imposed thereby. On March 15, 1937 it

filed its consolidated corporation income and excess profits tax return for the calendar year 1936 upon an accrual basis, and therein deducted the carrier's excise tax imposed upon it and its three subsidiaries in the sum of $2,525,986.36. The return showed a deficit in normal tax income but a surtax net income on which it paid an undistributed profits tax of $93,072.55.

On May 12, 1938, the carrier filed a claim for refund of this tax on the ground that substantial reductions from gross income for the year 1936 should have been made in the return, and also that deductions for depreciation and for accruals of the excise tax, as claimed in the original return, should have been allowed. These claims, if allowed, would have eliminated all liability for the tax which the carrier had paid. The Bureau of Internal Revenue disallowed the deduction for the accrual of the excise tax except for the sum of $442.45 which was the amount of the accrual made by the Curtis Bay Railroad Company, a subsidiary of the taxpayer that was not a party to the carrier's suit in the District of Columbia. This ruling was made on the authority of I.T. 3116 (C.B.1937-2, p. 90) of August 6, 1937 which reads as follows:

"(a) In those cases in which the carriers' excise tax was paid by the carrier prior to the enactment of the Carriers Taxing Act of 1937, the deduction claimed therefor in the income tax return of the carrier for the calendar year 1936 will be allowed and refunds of such tax will be required to be included in the gross income of the carrier for the year in which the refund is made.

(b) In those cases in which the carriers' excise tax was not paid to the collector and the carrier was not a party to the suit under the Carriers Taxing Act of 1935, or did not otherwise contest liability for such tax, the deduction claimed therefor in the income tax return of the carrier for the calendar year 1936 will also be allowed and the amount of the tax will be included in the gross income of the carrier for the year in which the liability for the tax was extinguished, that is, for the calendar year 1937.

(c) In those cases in which the carriers' excise tax was not paid to the collector and the carrier was a party to the suit under the Carriers Taxing Act of 1935, or otherwise contested liability for such tax, the deduction claimed therefor in the income tax return of the carrier for the calendar year 1936 will be disallowed and no adjustment of the income tax return of the carrier for the calendar year 1937 will be made on account of the extinguishment of the carriers' liability for the tax."

The Commissioner's final determination after recomputation of the tax showed a deficiency in income tax of $76,786.08 with interest, which the taxpayer paid subject to a reservation to litigate the disallowance of the deduction for the excise tax in the sum of $2,525,543.91. The claim for refund was denied and in due time the present suit was instituted on May 24, 1943.

The District Court rejected the taxpayer's claim, correctly we think, upon the authority of the decisions of the Supreme Court in Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270, and Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725. In the first of these cases the taxpayer sought to establish his right to take an accrual for taxes as a deduction from income in his return for the year 1937. The taxpayer had brought suit in the state courts of Mississippi in 1936 to contest its liability to pay a state tax on a solvent used in its business which the state authorities declared to be taxable as gasoline within the meaning of the state statute. A demurrer to the complaint was sustained by the District Court, but on January 25, 1937 the Supreme Court of the state reversed this decision. The taxpayer paid the tax for 1936 but after the decision refused to pay the tax in 1937. After the expiration of that year the taxpayer accrued the tax on its books as of December 31, 1937. The taxpayer's suit was finally decided in its favor by a decision of the trial court in 1938 which was subsequently affirmed by the state Supreme Court. Upon these facts the Supreme

Court of the United States held that the deduction was properly disallowed because the taxpayer's liability for the tax in 1937 was contingent.[1] The court said, 320 U.S. 519, 64 S.Ct. 365:

"* * * It has never been questioned that a taxpayer who accounts on the accrual basis may, and should, deduct from gross income a liability which really accrues in the taxable year. It has long been held that, in order truly to reflect the income of a given year, all the events must occur in that year which fix the amount and the fact of the taxpayer's liability for items of indebtedness deducted though not paid; and this cannot be the case where the liability is contingent and is contested by the taxpayer. Here the taxpayer was strenuously contesting liability in the courts and, at the same time, deducting the amount of the tax, on the theory that the state's exaction constituted a fixed and certain liability. This it could not do. It must, in the circumstances, await the event of the state court litigation and might claim a deduction only for the taxable year in which its liability for the tax was finally adjudicated."

This decision was reaffirmed in Security Flour Mills Co. v. Commissioner, supra, when the court denied the right of the taxpayer to deduct taxes under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., in the year 1935. The taxpayer in that case did not pay the taxes involved but paid the amount thereof into a depository in accordance with a temporary injunction which it obtained in a suit brought to test the constitutionality of the statute. It accrued an additional sum in respect to the tax during the last month of the year. The court held that Section 43 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 679,[2] did not require

a different result from that reached in the Dixie Pine case. The court said, 321 U.S. 284, 64 S.Ct. 597:

"It is settled by many decisions that a taxpayer may not accrue an expense the amount of which is unsettled or the liability for which is contingent, and this principle is fully applicable to a tax, liability for which the taxpayer denies, and payment whereof he is contesting. Here the petitioner, in figuring its costs and its sales price to consumers, added the amount of the processing tax, but it collected its purchase price as such and designated no part of it as representing the tax. The petitioner received the purchase price as such. Its tax liability, if any, to the United States did not differ from other debts. Since it denied liability for, and failed to pay, the tax during the taxable year 1935, it was not in a position in its tax accounting to treat the government's claim as an accrued liability."

We find no material distinction between the facts in these cases and those in the pending case. The basis for decision was the contingent nature of the tax liability which was manifested by the taxpayer's suit as in the case at bar. We have no occasion to decide that a liability is not contingent unless the taxpayer contests it by suit. Conceivably the contingent nature of a liability may be manifested by other circumstances. In the case at bar it is sufficient to apply the statement of the rule in Security Flour Mills Company v. Commissioner, supra, "that a taxpayer may not accrue an expense the amount of which is unsettled or the liability for which is contingent, and this principle is fully applicable to a tax, liability for which the taxpayer denies, and payment whereof he is contesting."

Affirmed.

---

[1] In making this decision the court indicated its disapproval of the prior decisions in the Circuit Courts of Appeals upon which the taxpayer relies in the pending suit, to wit: Commissioner v. Central United Nat. Bank, 5 Cir., 99 F. 2d 568; J. A. Dougherty's Sons v. Commissioner, 3 Cir., 121 F.2d 700; Davies' Estate v. Commissioner, 6 Cir., 126 F.2d 294. In the same category may be placed the decision in Atlanta, B. & C. R. Co. v. Forrester, 69 Ga.App. 369, 25 S.E.2d 581, upon which the taxpayer also relies.

[2] This provided that deductions from income should be taken for the taxable year in which paid or accrued unless in order to clearly reflect the income the deductions or credit should be taken as of a different period.