**OKLAHOMA TRANSPORTATION COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 65–265.

United States District Court
W. D. Oklahoma.

Dec. 29, 1966.

Eugene Jordan, Duke Duvall, Oklahoma City, Okl., for plaintiff.

John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl., John O. Jones, Justice Dept., Ft. Worth, Tex., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

In this case the plaintiff sues for the recovery of assessed federal corporation income taxes and deficiency interest for its fiscal year ended June 30, 1961.

The Commissioner of Internal Revenue made certain adjustments on the plaintiff's tax return. This resulted in the assessment of additional taxes which the plaintiff has paid and now seeks to recover herein. The Items involved in the adjustment and this litigation are ten in number as follows:

(1) An adjusted depreciation deduction on buses;

(2) The allocation of income and deductions under Section 482 of the Internal Revenue Code of 1954;

(3) Liability of the taxpayer for an accumulated earnings tax assessed by the Commissioner under Sections 531 and 532 of the Internal Revenue Code of 1954;

(4) A disallowed deduction for airplane travel expense in the sum of $693.99;

(5) The disallowances of a deduction of the sum of $2,409.12 for club dues and entertainment expense;

(6) The disallowance of a deduction in the sum of $882.25 as a depreciation expense on a 1960 Pontiac automobile;

(7) The disallowance of a deduction in the sum of $1,868.49 as a depreciation expense on a 1961 Cadillac automobile;

(8) Disallowance of a deduction in the sum of $400.00 for gasoline, motor oil and insurance expense;

(9) Disallowance of the deduction of the sum of $3,049.50 as an ordinary and necessary business expense in accomplishing certain roof repairs, the Commissioner contending that such expenditure must be capitalized, and,

(10) The disallowance of a deduction of certain gifts totaling $317.93.

■ In a suit for refund of federal taxes, the taxpayer has the burden of establishing the essential facts from which the determination of the tax liability for the involved year can be made. Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935); Roybark v. United States, (9th Cir.–1954) 218 F.2d 164; 5 Mertens, Law of Federal Income Taxation, Section 28.03, c. 6.28, p. 27.

■ Items (5), (6), (8), and (10) above listed, are resolved in favor of the defendant, inasmuch as the plaintiff has offered no proof in support of its claim to these deductions.

■ As to Item (4) above, this issue is resolved in favor of the plaintiff inasmuch as this air travel expense, under the evidence, was properly claimed as a business expense since it pertained to attending a Motor Bus Owners' Association convention and a trip to Detroit, Michigan, in connection with General Motors buses bought by plaintiff in that area.

■ As to Item (7) the Court finds and concludes that the plaintiff is entitled to claim and receive 75% of the depreciation originally claimed inasmuch as, under the evidence, the vehicle was used to this extent for business purposes and otherwise for non-business purposes.

■ As to Item (9) above, the plaintiff is entitled to claim the roof repair expense as an ordinary and necessary business expense since the evidence is to the effect that this money was spent to replace deteriorated roof decking which involved a part of the roof of one building and which condition was detected when other repairs were being made to the roof by reason of a storm. The Court finds that from the nature of this work it constituted the repair of deteriorated parts of the building and such did not appreciably prolong the original useful life of the property. Farmers Creamery Company of Fredericksburg, Virginia, Petitioner v. Commissioner of Internal Revenue, Respondent, 14 T.C. 879.

Items (1), (2) and (3) above, represent the significant issues of this litigation and will now be treated in that order.

■ Regarding Item (1) on depreciation, the Court finds that the plaintiff has sustained its burden of proof by a ten-year study presented with reference to its buses, which study fairly demonstrates through experience a useful life of its buses of six years with 25% salvage. For the two previous tax years (1959 and 1960) this useful life and salvage value was determined to be appropriate for the plaintiff on the identical equipment by Conferee Miller of the Internal Revenue Service. This determination called for additional taxes which were paid by the plaintiff and such determination was acquiesced in by the plaintiff. The Commissioner contends herein that the depreciation deduction claimed by the plaintiff for its fiscal year 1961 (which was based on the determination of Conferee Miller) should be redetermined and supports this position with the argument that the taxpayer during fiscal year 1961 sold two buses that were about three years old to a bus company in Rhode Island and one bus of about the same age to the town of Laverne, Oklahoma. The Court finds under the evidence that both of these sales, that is, to Rhode Island and Laverne, were unanticipated and not customary sales and did not occur in the usual and normal course of plaintiff's business and operation. The two buses sold to Rhode Island were disposed of as a favor to a Rhode Island bus company which was in desperate need of the buses and paid a premium price for the same. Likewise, the sale of the bus to Laverne cannot be considered as an ordinary disposition by

the taxpayer. The Court finds and concludes that a six-year useful life with 25% salvage value is reasonable and fair under the evidence and should be sustained, and that the defendant is not entitled under the evidence and the regulations [1] to redetermine the useful life and salvage value on the basis of the two abnormal bus dispositions. These two dispositions are not deemed to constitute a significant change in useful life. Moreover, there is no clear and convincing basis for the redetermination made by the Government. Macabe Company, Inc. v. Commissioner, 42 T.C. 1105; S. & A. Company v. United States, (D.C. Minn.–1963) 218 F.Supp. 677, affirmed (8th Cir.–1964) 338 F.2d 629. It is interesting to note that in making the adjustment for the year involved herein the Commissioner claimed a four-year useful life with 70% salvage value but at the start of the trial this position was changed by the Commissioner to an eight-year useful life with 50% salvage value. Under the evidence herein, and all the facts and circumstances involved, the Court is of the opinion, and finds and concludes, that the correct useful life under plaintiff's use and experience is six years and the proper salvage value is 25%. This coincides with the determination of the Commissioner for the fiscal years 1959 and 1960, constitutes the formula used by the taxpayer for tax year 1961 involved herein and conforms with the duty of consistent treatment. Massaglia v. C. I. R., (10th Cir.–1961) 286 F.2d 258; Orange Securities Corp. v. Commissioner of Internal Revenue, (5th Cir.–1942) 131 F.2d 662; Alamo Nat. Bank v. Commissioner of Internal Revenue, (5th Cir.–1938) 95 F.2d 622.

As to Item (2) above the Commissioner allocated income and deductions among four companies, namely, the plaintiff, the City Bus Company, Mid-Continent Coaches and Southwest Coaches on the basis that they were all controlled businesses as contemplated by Section 482 of the Internal Revenue Code of 1954.[2] The plaintiff acknowledges that the four entities are controlled businesses as contemplated by Section 482, but urges that under the circumstances Southwest Coaches should not be included in any allocation made under the Section and the allocation made by the Commissioner otherwise is incorrect. With reference to Southwest Coaches, the Court finds, under the evidence, that it operates wholly in the State of Texas, whereas the other companies operate either wholly or principally within the State of Oklahoma; that Southwest Coaches does obtain some major repair work at the Oklahoma City plant of the taxpayer for which it pays standard prices, the same as the taxpayer charges Greyhound Bus Lines and Continental Trailways and any other bus concern seeking such repairs from the plaintiff. The Court finds and concludes that in such allocation the same should not have included Southwest Coaches but only the other three entities. In support of this determination the Court finds by reason of the isolated operation by Southwest

---

1. Tax Regulations under the 1954 Code read in part as follows:
 "1.167(a)–1 Depreciation in general.
 "* * * estimated remaining useful life shall be redetermined only when the change in the useful life is significant and there is a clear and convincing basis for the redetermination.
 "* * * Salvage value shall not be changed at any time after the determination made at the time of acquisition merely because of changes in price levels.
 * * * "

2. This Section provides:
 "In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Secretary or his delegate may distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses."

Coaches that such an allocation is not necessary to clearly reflect the income of Southwest Coaches, nor to prevent the evasion of taxes by Southwest Coaches.

■ Next, in effecting the allocation, the Commissioner ascertained what he termed the operating income of each entity, added the same, and then developed a percentage attributable to each from the whole. This percentage was used by the Commissioner to allocate among the entities the matters of salaries to include bonuses and maintenance to include parts and labor but the Commissioner used the number of buses of each entity in allocating deduction for plant depreciation, taxes both real estate and personal and utility expenses. The Court finds and concludes that the Commissioner should not have included bonuses in the matter of this allocation inasmuch as only the plaintiff herein and Mid-Continent Coaches paid a bonus. Bonuses are payable only on earnings and since not all the entities made earnings the bonuses paid should be eliminated from the allocation as resulting in an obviously unfair procedure.

■ As to the remaining matters involved in the allocation, the Court finds and concludes, under the evidence, that the more equitable, fair and reasonable method of allocation would be on the basis of the bus mileage accomplished by each of the entities rather than the method used by the Government involving a percentage of income in some instances and the number of buses owned in other instances. The Court finds that in the motor transportation industry the matter of bus mileage is of paramount importance and governs most all matters of this kind when considered between transportation companies as well as many other matters such as tire rentals, charges for tickets and pay of drivers. As to the income to be used as the basis for this allocation, Section 482 uses the term "gross income." The Commissioner used what was termed "operating revenue" which is something less than "gross income." The plaintiff takes issue with the use of "operating revenue" for this purpose and also the inclusion and exclusion of certain items therein as between the several companies. In the course of the trial the parties reached an agreement as to the "gross income" which should be used under this Section as to the four companies which agreed "gross income" as to each company for the fiscal year involved is as follows:

| | |
|---|---|
| Oklahoma Transportation Company, | $2,296,502.01 |
| City Bus Company, | 1,306,543.35 |
| Mid-Continent Coaches, | 819,737.76 |
| Southwest Coaches, | 168,422.67. |

■ The Court believes that "operating income" as used by the Government is improper. The agreed "gross income" as set out above should have been used for allocation purposes under Section 482 for the taxable year involved except, as stated above, the gross income of Southwest Coaches should not have been considered in this allocation.

■ Moreover, in making an allocation under Section 482 the identical taxable period should be used for all entities. This the Government did not do. Athens Roller Mills, Inc. v. Commissioner of Internal Revenue, (6th Cir.–1943) 136 F.2d 125; United States v. Consolidated Edison Co., 366 U.S. 380, 81 S. Ct. 1326, 6 L.Ed.2d 356 (1961).

The Government's contentions and reallocations under Section 482 being fundamentally erroneous, unreasonable and arbitrary it is the finding and conclusion of the Court that they are disallowed and the deductions taken by the plaintiff on its return for the year involved should be allowed to stand as being proper under the facts. Maxwell Hardware Co. v. Commissioner, (9th Cir.–1965)

343 F.2d 713 at page 722; Ballentine Motor Co. v. Commissioner, (4th Cir.–1963) 321 F.2d 796 at page 800.

As to Item (3) above regarding the imposition of a penalty tax under Section 531 of the Internal Revenue Code of 1954, the Court finds and concludes in view of the foregoing determinations that this issue must be resolved in favor of the plaintiff at this time for the reason that a recomputation of accumulated earnings and profits will be necessary by reason of the foregoing determinations in order to ascertain the correct accumulated earnings and profit, or "accumulated taxable income" as provided by the Section and defined in Section 535, and this new figure must then be considered in connection with whether the plaintiff failed to distribute this income as dividends to its shareholders as a means of permitting its shareholders to avoid the payment of income taxes thereon, and whether such new figure can or cannot be said to be reasonably needed by the plaintiff in its future operations either in connection with a special plan or for operating expenses. Duke Laboratories, Inc. v. United States, (D.C. Conn.–1963) 222 F.Supp. 400, affirmed (2nd Cir.–1964) 337 F.2d 280; Electric Regulator Corporation v. C. I. R., (2nd Cir.–1964) 336 F.2d 339. This treatment as to Item (3) above is made by the Court, however, without prejudice to the defendant being permitted upon such a recomputation to reexamine the propriety of imposing a penalty tax under Section 531 and taking appropriate action in that direction.

It is noted that the plaintiff takes the position that the assessment under Section 531 is erroneous and illegal and as a matter of law it is entitled to recover the full amount of the penalty so assessed. However, the plaintiff cites no authority for this position and the Court is aware of no reason why the recovery of this assessment cannot be directed herein without prejudice to the Government recomputing and reexamining the matter after judgment herein. No doubt the Court at considerable effort could recompute and make this decision. But it is felt that the defendant should do this in the first instance on the proper accumulated taxable income.

Judgment should be entered herein based upon the foregoing decisions of the Court. Counsel for the plaintiff will prepare an appropriate judgment in conformity with the above, submit the same to opposing counsel for approval as to form and then submit the same to the Court. Rule 58, Federal Rules Civil Procedure, 28 United States Code Annotated.