**INLAND PRODUCTS CO. v. BLAIR, Commissioner of Internal Revenue.**

Circuit Court of Appeals, Fourth Circuit.
April 9, 1929.

No. 2811.

John Enrietto, of Washington, D. C. (R. S. Doyle, Charles D. Hamel and Lee I. Park, all of Washington, D. C., on the brief), for petitioner.

Millar E. McGilchrist, Sp. Asst. to Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before WADDILL and PARKER, Circuit Judges, and McDOWELL, District Judge.

PARKER, Circuit Judge (after stating the facts as above). There is but one ques-

tion in the case, and that is whether the government, after returning to a taxpayer money which through mistake he has paid as taxes, may readjust his income tax returns, so as to eliminate the deduction claimed from his gross income on account of such payment. The government contends that it can. The taxpayer controverts this position, and says that the deduction should be allowed to remain as it is, and that the refund should be returned as income for the year in which it is received. Since in this case the tax rate of that year was much lower than the rate of the years for which the deductions are claimed, it is clear that the taxpayer will realize quite a profit from the mistake, if its contention is allowed.

We think, however, that there can be no doubt that the position of the government is correct. The Revenue Acts in force in 1918 and 1919 did not impose the soft drink tax upon sweet cider, and the regulations of the Revenue Department attempting to impose it were void. Monroe Cider, Vinegar & Fruit Co. v. Riordon (C. C. A. 2d) 280 F. 624; Casey v. Sterling Cider Co. (C. C. A. 1st) 294 F. 426. The collector, therefore, had no right to demand, and the taxpayer was not required to pay, any tax upon cider, and the payments in question were not payments of tax, but payments made by mistake to the collector of taxes. It is true that these moneys, having been paid voluntarily by the taxpayer under mistake of law, could not have been recovered back (Fox v. Edwards [C. C. A. 2d] 287 F. 669); but nevertheless there was a moral obligation upon the government upon discovering the mistake to correct it, and it has made the correction and the taxpayer has accepted the refund. It is elementary that one who seeks to have a mistake corrected must surrender what he has received by reason thereof, and likewise one who accepts the correction of a mistake is estopped to claim a benefit to which he would be entitled if it were not corrected. In this case, the taxpayer, as the result of the payment under mistake, received the deduction from its gross income of the amount so paid. When the mistake was rectified, and it accepted the return of the amount paid, with interest, it ought not to be heard to claim the benefit of the deduction on account of the payment.

The taxpayer insists that we should not consider what happened subsequently to 1918 and 1919 but we think that this is a highly proper subject for consideration. We agree with the contention of the government that the moneys erroneously collected as taxes were not deductible as such from gross income; but, even so, if they had not been returned after having been collected as taxes, the government would not be heard to say that they were not deductible. And on the same principle, the taxpayer, having accepted the return of its money with interest, will not be heard to say that it is entitled to a deduction on account of the payment of such money. The whole question involved is one of correction of mistake; and, having accepted the correction on the part of the government with one hand, the taxpayer will not be allowed to hold on with the other to the benefit which it received by reason of the mistake. To readjust the returns for the years 1918 and 1919, by eliminating the deduction in question, will place both parties to the mistake exactly where they would have been, if it had not occurred. The government, having returned the money wrongfully collected, is entitled to this, and the taxpayer, having accepted the return, is not in position to resist it.

The taxpayer's position is that, as the amount erroneously paid was not recoverable as a matter of right, it should be treated as a loss occurring during the year in which paid, and that the refund should be treated as income of the year in which received. In support thereof it relies particularly upon U. S. v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120, in which it was held that the loss of a stockholder in a German corporation arising from the seizure of its property by the German government was deductible in the year in which the loss was sustained, even though in a subsequent year the German government bound itself to repay and an award was made by the Mixed Claims Commission which might result in recovery. But money erroneously paid to the government as taxes is not in any true sense a loss, and is not to be treated as such. Even though payments voluntarily made may not be recoverable at law, the fairness of the government in such matters can be relied upon, and experience has demonstrated, as in this case, that the taxpayer, who by mistake has paid too much, can depend on the government's reimbursing him, whether he has the right to sue for a refund or not. And certainly such erroneous payment is not a loss within the meaning of section 234(a)(4) of the Revenue Act (40 Stat. 1078). See Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262; Porter v. U. S. (C. C. A. 9th) 27 F.(2d) 882; National Bank of Commerce in St. Louis v. Allen (C. C. A. 8th) 223 F. 472, 477. Furthermore,

in this case we are dealing, not with losses and recoupment of losses in the ordinary business transactions of the corporation, but with the correction of a mistake between the government and the taxpayer, and the principles to be applied are those applicable to the correction of such mistakes. Such cases as that of U. S. v. S. S. White Dental Mfg. Co., therefore, are manifestly not in point.

It is said that the conclusion at which we have arrived will result in injustice to the government in cases where taxes are held unconstitutional and refunded for that reason, and where the right to readjust income tax returns has been barred by the statute. It is urged that in such cases if the refund is not treated as income of the current year, it will escape taxation. Such a case is not before us, and we need not decide it. We will say in passing, however, that in making the refund in such cases, which would be made voluntarily, it would seem that the government might be able to protect itself with respect to the additional income tax due by the taxpayer.

There was no error, and the decision of the Board of Tax Appeals is affirmed.

Affirmed.