## DIXIE PINE PRODUCTS CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10270.

Circuit Court of Appeals, Fifth Circuit.

March 5, 1943.

T. J. Wills, of Hattiesburg, Miss., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Maryhelen Wigle, Sewall Key, and J. Louis Monarch, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

. McCORD, Circuit Judge.

The Petition for Review involves deficiencies in income and excess profits taxes of $3,600.09 and $1,169.95 determined against Dixie Pine Products Company for the calendar year 1937. The issue is whether the taxpayer's 1937 tax return may be corrected by disallowing deduction of an accrued item for Mississippi gasoline taxes which the taxpayer contested and refused to pay, and which, as the result of successful litigation in the State Courts, it never had to pay.

Dixie Pine Products Company was engaged in Mississippi in the business of extracting turpentine, pine oil, and resin from stumps and other waste wood. A quantity of solvent made from petroleum products was used in the process. In 1936 the taxing authorities of Mississippi, contending that the solvent was usable in the operation of automobiles, assessed a State gasoline tax on the solvent received and used by Dixie in that year. The tax was levied under Sections 5(a) and 8(a) of Chapter 162, Laws of Mississippi, 1936, wherein gasoline is defined.

The taxpayer paid the gasoline tax assessed in 1936, and in the same year filed suit in the State Court against the Motor Vehicle Commissioner of Mississippi, alleging that the nature of the solvent and the use to which it was put did not fall within the ambit of the taxing statute, and asking for temporary and permanent injunctions against future collections of the tax. A demurrer filed by the Motor Vehicle Commissioner was sustained by the lower court. An appeal was taken and on January 25, 1937, the Supreme Court of Mississippi handed down its decision holding that on the pleadings the solvent did not fall "within the definition of gasoline upon which a tax is imposed by section 8(a) of the act". Dixie Pine Products Company v. Dyer, 175 Miss. 227, 172 So. 145, 148. After this decision came down, the taxpayer at all times denied that it owed, and ceased and refused to pay, gasoline tax on the solvent used by it.

On December 8, 1938, the taxpayer and the Attorney General of Mississippi filed an agreed statement of facts in the State Court action, and on December 21, 1938, the Chancery Court of the First Judicial District of Hinds County, Mississippi, entered its final decree perpetually enjoining the Motor Vehicle Commissioner from assessing gasoline tax on the solvent used by Dixie. The final decree was affirmed by the Supreme Court of Mississippi, Dyer v. Dixie Pine Products Company, Miss., 191 So. 429.

Dixie Pine Products Company kept its books and filed its income tax return on the accrual basis for the year in question. By letter dated in December, 1937, the attorney for the taxpayer directed that book entries be made accruing the gasoline tax assessed by the Motor Vehicle Commissioner in 1937. In the course of auditing and closing the 1937 books, the actual accrual entries were made by an auditor sometime between January 1, and March 15, 1938, as of December 31, 1937. The amount of tax thus accrued on the books for 1937 was $20,839.38, and this amount was deducted from income in making the 1937 income tax return. The taxpayer never paid the State gasoline taxes, and by way of compensating entry the amount of

$20,839.38 was included in income in Dixie's 1938 income tax return as a recovery in view of the Mississippi Chancery Court's decree of December, 1938.

■ The petitioner contends that its 1937 accrual and deduction of the tax item of $20,839.38 was proper, and that the Board of Tax Appeals erred in holding that this amount was not deductible from gross income for that year. The decision of the Board is without error. During the whole of the tax year for which the right of deduction is asserted, Dixie Pine Products Company was denying liability for the State gasoline taxes, and was affirmatively litigating the applicability of the taxing statute to the solvent used by it. Indeed, when it stopped paying the taxes assessed against it by the Motor Vehicle Commissioner, it had won the first round of litigation in the Supreme Court of Mississippi.

■ Returns of taxpayers, whether upon the cash or accrual basis, must clearly reflect the income of the tax year; and the great weight of authority is to the effect that where, as here, a taxpayer is on the accrual basis, it may not deduct as an expense an item on which it is denying or contesting liability. "A mere contingent claim, especially a contested one, whether of loss or gain, may never be sustained or realized; it is too uncertain to be considered in making up an income tax return". Commissioner v. Southeastern Express Co., 5 Cir., 56 F.2d 600; Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010; Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725; Pharr & Sons v. Commissioner, 5 Cir., 56 F.2d 832. Cf. J. A. Dougherty's Sons v. Commissioner, 3 Cir., 121 F.2d 700; Ben Bimberg & Co. v. Helvering, 2 Cir., 126 F.2d 412.

■ The compensating entry made in 1938 by the petitioner does not preclude correction of the erroneous return for 1937. The correction, coming well within the limitation period, may be made so that the true income may be reflected for 1937. The taxpayer will, of course, have a claim for refund of any tax overpayment resulting from inclusion of the compensating entry in income of 1938. Ben Bimberg & Co. v. Helvering, 2 Cir., 126 F.2d 412; Leach v. Commissioner, 1 Cir., 50 F.2d 371; Bergan v. Commissioner, 2 Cir., 80 F.2d 89; Inland Products Co. v. Blair, 4 Cir., 31 F.2d 867.

The decision of the Board is affirmed.