### COOPERSTOWN CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

No. 8188.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 5, 1943.

Decided Jan. 19, 1944.

Reargued April 3, 1944.

Decided Aug. 30, 1944.

Writ of Certiorari Denied Nov. 13, 1944.

See 65 S.Ct. 131.

Lewis A. Spence and Alexander B. Siegel, both of New York City, for petitioner.

Warren F. Wattles and Louis J. Monarch, both of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

The facts material to the question raised by the pending petition for review were found by the Board of Tax Appeals as stipulated by the parties. The findings show the following situation.

694

The corporate petitioner kept its books on a cash receipts and disbursements basis and made its returns for federal tax purposes on that basis. In 1937 it filed a capital stock tax return showing a $7,000 capital stock tax liability, which the Commissioner thereupon assessed and the petitioner paid in that year. In its income tax return for the calendar year 1937 the taxpayer claimed and took a deduction for the capital stock tax so paid in 1937 and, on April 27, 1938, filed a claim for refund therefor on the ground that it was not engaged in business in 1937 so as to become liable for capital stock tax for that year. The claim for refund was later allowed and, on November 3, 1939, the Collector accordingly paid the taxpayer $7,000 and interest thereon. In its income tax return for the calendar year 1939, the taxpayer reported as income received by it during that year the $7,000 tax refund with interest and paid income taxes thereon.

The Commissioner held, however, that, since the taxpayer was not liable for capital stock tax in 1937, the deduction taken in its 1937 return for the payment of such tax should be disallowed and, accordingly, determined a deficiency in the taxpayer's income taxes and personal holding company surtaxes for 1937. The Board, upon the taxpayer's petition for a redetermination, sustained the Commissioner's action and the taxpayer filed the pending petition for a review of the Board's decision.

While the subject matter of the review relates solely to the petitioner's tax liability for the year 1937, the question, as presented to the Board of Tax Appeals and as disposed of by it, was whether the Commissioner may, if the procedure be not barred by the statute of limitations, readjust, the petitioner's income tax return for the earlier year, in the light of the subsequent tax refund, by disallowing the deduction taken for the tax payment, or whether the deduction should stand as originally claimed and the corresponding tax refund of the later year be charged as income to the petitioner in the year received.

Whatever differences of opinion may have heretofore existed as to the problem present under circumstances such as are here found, or as to the rule applicable thereto,[1] we think there is no longer any room for controversy since the recent decisions of the Supreme Court in Dobson v. Commissioner 320 U.S. 489, 64 S.Ct. 239, decided December 20, 1943, and Dixie Pine Products Company v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, decided January 3, 1944.

In the Dobson case, Circuit Courts of Appeals were admonished to be careful, upon reviewing decisions of the Tax Court (formerly the Board of Tax Appeals) not to mistake questions of fact for questions of law and to give to facts determined by the Tax Court no less finality than is properly accorded, upon court review, to administrative determinations in other fields. Concretely, what that meant in relation to the Dobson case was that the Tax Court's decision, that a recovery had by that taxpayer in 1939 (the taxable year there in question) growing out of a particular transaction, entered into ten years before, was a return of capital and not income, was a determination of a fact competently found by the Tax Court according to relevant accountancy principles and, as such was binding upon the reviewing court.

As the Tax Court had found in the Dobson case that the recovery did not constitute income to the taxpayer, the year of its taxability was obviously not a question in that case. But that was the question present in the Dixie Pine case, where the Commissioner disallowed a deduction for a tax payment accrued for the taxable year under review, the taxpayer having later obtained release from liability for the item deducted. The Board sustained the Commissioner's action and the Court of Appeals affirmed the Board's decision, 5 Cir., 134 F.2d 273. The Supreme Court, in affirming [320 U.S. 519, 64 S.Ct. 366], held that the Board's "determination that the item in question was not properly deducted on the accrual basis is entitled to the finality indicated by

[1] Compare the decision of the Board of Tax Appeals in E. B. Elliott Co. v. Commissioner, 45 B.T.A. 82, 91, with its decision in Block et al. v. Commissioner, 39 B.T.A. 338, 341, affirmed sub nom. Union Trust Co. v. Commissioner, 7 Cir., 111 F.2d 60. Also compare Bergan v. Commissioner, 2 Cir., 80 F.2d 89; Leach v. Commissioner, 1 Cir., 50 F.2d 371; and Inland Products Co. v. Blair, 4 Cir., 31 F.2d 867, with Athens Roller Mills, Inc., v. Commissioner, 6 Cir., 136 F.2d 125; Davies' Estate v. Commissioner, 6 Cir., 126 F.2d 294; J. A. Dougherty's Sons, Inc., v. Commissioner, 3 Cir., 121 F.2d 700; and Commissioner v. Central United Bank, 6 Cir., 99 F.2d 568.

Dobson v. Helvering [Commissioner], 320 U.S. 489, 64 S.Ct. 239." We think that the ruling in the Dixie Pine case necessarily determines the disposition to be made of the question here involved. We do not see how any distinction is to be drawn from the fact that the tax for which a deduction was taken in the instant case was actually paid, the taxpayer being on a cash receipts and disbursements basis, while in the Dixie Pine case the tax liability was accrued, the taxpayer reporting on the accrual basis. The authority for deducting the one is no different than that of the other. Sec. 23(c) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Code, § 23(c).

The decision of the Board of Tax Appeals is affirmed.

### On Rehearing.

Our decision in this case was based upon what we took to be the requirements of the ruling in Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, particularly, as interpreted and applied in the case of Dixie Pine Products Company v. Commissioner, 320 U.S. 516, 64 S.Ct. 364.

Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383, and cases following it, had indicated that income received or accrued and disbursements made or accrued were automatically to be accounted for in the year (calendar or fiscal) in which they had actually been received or paid, respectively, or were accruable depending upon the accounting system used by the particular taxpayer. Assuming the instant taxpayer's payment of a capital stock tax in 1937 to have been a certain and fixed liability, the payment would seem to have been deductible in the taxpayer's return of its gross income for the year 1937. By the same token, the refund in 1939 of the earlier tax payment, later found to have been erroneously made in 1937, would seem to have been accountable as income to the taxpayer in the year of the receipt of the refund. The Commissioner might not arbitrarily, merely because the statute of limitations had not run, redetermine the taxpayer's liability for an earlier year by disallowing, because of a related refund in a subsequent year, the deduction taken in the earlier year for the tax paid in that year. However, in the light of the opinions in the Dobson and Dixie Pine cases, we held that whether the taxpayer's payment of the capital stock tax in 1937 was a properly allowable deduction for that year involved a matter which fell peculiarly within the Tax Court's competence to determine.

Shortly thereafter, in Security Flour Mills Company v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, Mr. Justice Roberts, speaking for the Supreme Court, after quoting from Burnet v. Sanford & Brooks Company, supra, to the effect that the Revenue Acts contemplate "annual returns showing the net result of all the taxpayer's transactions during a fixed [calendar or fiscal yearly] accounting period," said (321 U.S. at page 286, 64 S.Ct. at page 598) that: "The uniform result has been denial both to government and to taxpayer of the privilege of allocating income or outgo to a year other than the year of actual receipt or payment, or, applying the accrual basis, the year in which the right to receive, or the obligation to pay, has become final and definite in amount." The effect of this appeared to be the reestablishment of the intendment of the Sanford & Brooks case in full vigor and to restrict certain expressions and implications of the Dobson case. Confirmation of this impression is impliedly to be found in the fact that, in the Security Flour Mills case, Mr. Justice Douglas and Mr. Justice Jackson (who wrote the opinion in the Dobson case) were "of opinion that the [Security Flour Mills] case is governed by Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, and that the judgment should, for the reasons therein stated, be reversed."

It was in that situation that we granted rehearing of the instant case. Having now fully reconsidered the matter, particularly in the light of the more recent decisions of the Supreme Court, as above cited, we are of the opinion that our decision was correct, not because the ruling of the Sanford & Brooks case has been in any way impaired or qualified, but because the taxpayer's obligation to pay at the time the payment was made, for which a deduction was contemporaneously taken, involves a legal question which must be decided adversely to the taxpayer in the instant case.

It is true that the taxpayer in 1937 filed a capital stock tax return for that year showing a tax liability which it promptly paid. The return and tax payment were accepted by the Collector as of course without audit or other formal action designed to render the taxpayer's liability final and definite in amount. In other words, the taxpayers' capital stock tax return and its

696

tax payment in accordance therewith represented its own voluntary appraisal of its liability.

It was in March 1938 that the taxpayer filed its income tax return for the year 1937 wherein it took a deduction for the capital stock tax which it had paid during the taxable year. On April 27, 1938, the taxpayer filed a claim for refund with the Commissioner on the ground that it was not liable for the capital stock tax in 1937. While we predicate nothing upon the brevity of time between the taxpayer's filing of its income tax return for 1937 and its claim for refund for the capital stock tax for which it had lately claimed credit as an allowable deduction, the circumstance does give point to the fact that before the Commissioner could be expected in ordinary course to audit or otherwise consider the return, the taxpayer itself was indirectly assailing the capital stock tax deduction which it had taken in the return.

■ The tax return for 1937 still being open and being the subject of review by the Commissioner, we think that he was well within his legal province in disallowing the deduction claimed for the payment of the capital stock tax in 1937 for which the taxpayer was not liable. That the taxpayer was not so liable was conclusively established upon the allowance and payment of its claim for refund which was well within the time available for the Commissioner's review of the taxpayer's income tax return for 1937. But, this is not a case of relating back to a reported complete transaction of an earlier year, a matter which occurred in a later year.

■ Even had no claim for refund been made or as yet allowed, it would, none the less, have been within the Commissioner's power, the return still being open to review, to disallow the deduction for the payment for which there was no legal liability resting upon the taxpayer. In order to isolate a payment or an accrual of a liability as a completed transaction in the year in which it is made or accrued, it is necessary that the taxpayer be under a legal obligation for the payment at the time it is made or accrued. On the basis of that criterion, the recent case of Stanard-Tilton Milling Co. v. Commissioner, 3 T.C. ——, which the taxpayer urges upon us, seems plainly distinguishable. Where a liability for a state tax rested upon a taxpayer which denied the validity of the tax and was contesting its imposition in which it was ultimately successful, the circumstance of the taxpayer's denial and contest of the liability was held sufficient to render the liability so uncertain and indefinite as to deprive the taxpayer of the right to accrue the tax in the year for which it was assessed. See Dixie Pine Products Company v. Commissioner, supra. No less unwarranted can be a deduction for a tax payment for which indisputably no liability existed.

The Board having correctly concluded that the item in question was not a legally allowable deduction from the taxpayer's gross income for the year 1937, we accordingly confirm our former decision and reaffirm the decision of the Board of Tax Appeals.