### FREIHOFER BAKING CO. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 8867.

Circuit Court of Appeals, Third Circuit.

Argued June 4, 1945.

Decided Sept. 6, 1945.

Floyd F. Toomey, of Washington, D. C. (Alvord & Alvord, of Washington, D. C. and Souser, Schumacker & Taylor, of Philadelphia, Pa., on the brief) for petitioner.

Mary Helen Wigle, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS and MARTIN, Circuit Judges and KALODNER, District Judge.

KALODNER, District Judge.

The petitioning taxpayer seeks review of the decision of the Tax Court entered September 4, 1944, sustaining the Commissioner's determination of deficiencies in the petitioner's Income and Excess Profits tax for the year 1936 on the basis of including in the petitioner's income for 1936 the sum of $246,021.55, which constituted a refund made to the petitioner in 1936 as an adjustment of the cost of flour purchased by it in 1935.

The relevant statutes are set out in the margin.[1] The facts as found by the Tax Court are as follows:

The Freihofer Baking Co. (hereinafter referred to as the petitioner) is a Pennsylvania corporation with principal offices in Philadelphia. Its books were kept and its income tax returns were filed on an accrual basis.

The refund in question was made to petitioner by the Freihofer Flour Mills (hereinafter referred to as the Mills), a copartnership organized by it and an affiliate corporation in 1927 as a medium to assure them a constant and uniform supply of flour. The Mills likewise kept its books and filed its returns on an accrual basis.

During the year 1935, the Mills engaged in the processing of flour and feed products and was therefore, under the Agricultural Adjustment Act, subject to taxes on the first domestic processing of wheat. However, subsequent to April 30, 1935, the Mills refused to pay any further processing taxes, and, later in 1935, secured restraining orders prohibiting the Collector from assessing or collecting any such taxes, although on July 31, 1935, the Mills and the Collector entered into a depository agreement.

During the year 1935, the petitioner received substantially all its flour from the Mills. Pursuant to agreements between the petitioner and the Mills the flour was purchased on the basis of a temporary billing price which was adjusted at the end of the year to the basis of cost. Cost included the processing tax imposed but not paid and deposited in escrow.

In the period from May 1 to December 31, 1935, petitioner paid to the Mills, as part of the cost of flour, $246,021.55, this being the amount of processing taxes imposed on the flour purchased. This sum was deducted from gross income by peti-

---

[1] Revenue Act of 1934, c. 277, 48 Stat. 680:

"Sec. 23. Deductions from Gross Income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *."

Revenue Act of 1936, c. 690, 49 Stat. 1648:

"Sec. 41. General Rule.

"The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; * * *."

"Sec. 42. Period in Which Items of Gross Income Included.

"The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, * * *."

"Sec. 43. Period for Which Deductions and Credits Taken.

"The deductions and credits (other than the dividends paid credit provided in section 27) provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. * * *"

26 U.S.C.A. Int.Rev.Acts, page 671 and pages 838, 839.

tioner on its original corporation income and excess profits tax return for 1935 as a part of the "cost of goods sold".

On January 6, 1936, the United States Supreme Court held the taxing provisions of the Act unconstitutional in the case of United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, and on January 16, 1936, the total amount of the depository account was returned to the Mills. In December of 1936 the Mills transferred to the petitioners the sum of $246,021.55.

On August 14, 1937, petitioner filed an amended corporation income and excess profits tax return for 1935, upon which there was reported, as additional income for that year, $246,021.55, the refund. An additional income tax in the amount of $32,418.94, shown to be due, was paid. On August 9, 1939, petitioner filed a claim for refund of income taxes for 1935 in the amount of $32,418.94.

The Tax Court held that the Commissioner correctly determined that the $246,-021.55 transferred to petitioner by the Mills in December, 1936, as reimbursement of processing taxes included in the cost of flour purchased by petitioner, was taxable income in the year 1936.

The sole question is whether this determination by the Tax Court is correct. Petitioner asserts that the Tax Court erred in its conclusion and in failing to determine whether the deduction taken in 1935 was an improper deduction. It is the position of petitioner that its liability for the tax in 1935 was contingent because there existed, either impliedly or expressly, a legal obligation on the part of the Mills to refund that part of the tax included in the cost of flour purchased by petitioner in the event the Mills successfully concluded its litigation against the Collector, and, since it developed in 1936 that the tax was unconstitutional, an appropriate adjustment must be made for the deduction taken in petitioner's return for the year 1935.

■■ This Court is of the opinion that the decision of the Tax Court should be affirmed. The applicable rule of law was clearly set out by the Supreme Court in the case of Security Flour Mills Co. v. Commissioner, 1944, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725. There the Court stated, at page 286 of 321 U.S., at page 599 of 64 S.Ct., 88 L.Ed. 725: "The uniform result

has been denial both to government and to taxpayer of the privilege of allocating income or outgo to a year other than the year of actual receipt or payment, or, applying the accrual basis, the year in which the right to receive, or the obligation to pay, has become final and definite in amount."

On the basis of that case, we held, in the case of Commissioner of Internal Revenue v. Blaine, Mackay, Lee Co., 3 Cir., 1944, 141 F.2d 201, 202, that reimbursements made by the processor-taxpayer to certain of its customers in 1936 and 1937 for the sums which it had received from them in 1935 to cover processing taxes were not deductible from the taxpayer's gross income for 1935. It is a logical corollary that the recipient of the refund may not relate back to increase its taxable income for 1935 the refund it receives in a later year.

Since the year to which income is allocable is determined temporally according to when the right to receive becomes final and definite, it is clear, in the instant case, that the reimbursement to petitioner constitutes income for the year 1936. Whether the Mills was under a legal obligation to make the refund is not decisive, for the refund, in any event, was contingent upon an event which did not occur until 1936. It was only upon the happening of this event that the petitioner's right became definite and certain in amount. As the obligation of the Mills to pay petitioner did not become fixed until 1936, and as payment admittedly was received in that year, the receipt must constitute income to petitioner for that year.

Relying on the expression by the Supreme Court in the Security Flour Mills case, supra, 321 U.S. at page 284, 64 S.Ct. at page 597, 88 L.Ed. 725, that, "a taxpayer may not accrue an expense the amount of which is unsettled or the liability for which is contingent", petitioner contends that its deduction of $246,021.55 in 1935 was improper for the reason that its liability was, in 1935, contingent.

On this matter, petitioner concedes that if the refund in 1936 were a voluntary act on the part of the Mills, then there is no validity to its argument. But petitioner suggests that because of the temporary billing price arrangement or because of an alleged specific agreement with the Mills, the latter was under a pre-existing legal obligation to return (if the Mills' litigation proved successful) the tax which was passed on to petitioner as costs in 1935;

hence, petitioner's liability for that amount in 1935 was contingent and not deductible.

On close analysis, the difficulty with petitioner's theory becomes evident. The total tax of $246,021.55 was passed on to the petitioner not as a tax, but as an item of costs; petitioner paid this total amount to the Mills as part of the cost of the goods purchased and deducted it from gross income in 1935 as part of the cost of goods sold. The cost of the goods supplied to petitioner by the Mills, became, following proper adjustment of the temporary billing price at the end of the year, definite and final in amount in 1935. Petitioner was clearly under a definite and certain obligation in 1935 to pay the Mills for the flour it procured at the established cost, and it made payments to satisfy this accrued obligation. Petitioner did not question at any time relevant herein its liability for the full cost of the flour purchased from the Mills.

True, the Mills was contesting a tax reflected in the cost of its goods to petitioner through which petitioner might secure a refund. Nevertheless, that could not make petitioner any less positively liable in 1935 for the cost of the flour sold to it by the Mills than petitioner would have been if the Mills was not so contesting the tax. The petitioner's liability for the cost of the flour was not contingent in 1935 but on the contrary it was fixed. What was contingent was its right to recoup from the Mills. In simple terms, petitioner would not have been warranted in refusing to pay during 1935 the full cost of the flour as determined by the Mills merely because there was a possibility a refund would be made in a later year upon the happening of a particular event.

Undeniably the transactions here in controversy are intrinsically related, but it is evident, too, that petitioner here seeks to accomplish exactly that which the Supreme Court in the Security Flour Mills case, supra, 321 U.S. at page 287, 64 S.Ct. at page 599, 88 L.Ed. 725, refused to permit, that is, report income, "not of a given year, but, in the light of ultimate gain, from a series of transactions over a period of years, growing out of, or in some way related to, an initial transaction in the taxable year."

The ineluctable conclusion is that the deduction taken on its 1935 return for "cost of goods sold" was a proper deduction, and further, the refund to petitioner by the Mills in 1936 constitutes income for that year. The Tax Court was not in error.

 Finally, although the matter was not seriously considered by either party, we are satisfied that the case of Dixie Pine Products Co. v. Commissioner, 1944, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270, the Security Flour Mills case, supra, and the case of Bingham's Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, clearly disclose that because of the grounds on which the Tax Court rested its decision, the doctrine limiting judicial review on appeal from Tax Court decisions contained in Dobson v. Commissioner, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, is here inapplicable. Cf. Commissioner v. Blaine, Mackay, Lee Co., supra; Cooperstown Corporation v. Commissioner, 3 Cir., 1944, 144 F.2d 693, certiorari denied, 1944, 323 U.S. 772, 65 S.Ct. 131.

For the reasons stated the decision of the Tax Court of the United States is affirmed.