**WOLFINGTON BODY CO., Inc. v. SMITH.**

**Civ. A. No. 10231.**

United States District Court
E. D. Pennsylvania.

July 16, 1951.

Herbert A. Barton, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This is an action to recover additional income taxes assessed as a result of the disallowance of an item of contingent expense deducted by the plaintiff in its return for the year 1943. All relevant facts have been embodied in a stipulation filed with the court.

The plaintiff was a distributor of buses and had a contract with Superior Coach Corporation by which Superior supplied the plaintiff with vehicle bodies. The contract bound the plaintiff not to sell any bodies within the closed territorial limits of other distributors and dealers for Superior. On April 8, 1943, the plaintiff contracted with the government to supply 50 passenger buses, the specifications calling for Superior bodies. Before it would deliver the bodies, Superior insisted that the plaintiff deposit with it $10,000 to be held in escrow and the plaintiff perforce complied. The agreement was that, if the plaintiff should deliver any of the government buses in territory assigned to any one of Superior's other distributors, Superior would compensate such distributor for infringement of its territory by paying it $200 per bus out of the $10,000 escrow deposit. The balance was to be returned to the plaintiff six months after it had delivered the last bus and, if no infringement had occurred, the entire sum would be returned.

The last bus was delivered September 1, 1943, no infringement claims were filed and, in 1944, Superior returned the entire balance (less certain credits not in issue). The plaintiff took a deduction of $10,000 in respect of the transaction in its 1943 tax return, as a business expense.

The taxpayer kept its books on an accrual basis, a fact that would make the year 1943 the proper one in which to take the deduction—provided there was anything to accrue. The question, however, in this case is not the year in which a deductible expense accrued, but whether there was ever any expense at all.

"When books are kept on an accrual basis, a liability must be fixed either in terms or by the occurrence of events from which it is determined before it can be deducted", Vang v. Lewellyn, 3 Cir., 35 F.2d 283, 284. The fact is that, in respect of this plaintiff's deposit, the plaintiff was never under any liability except a contingent one which never became fixed.

What the plaintiff claims as a "business expense" consisted of a temporary deposit of funds to secure payments which it might or might not be obliged to make. So far as the principle applicable is concerned, there is no difference between this transaction and setting up a reserve. "Reserves to cover contingent liabilities * * * are not allowable as deductions", Lucas v. American Code Co., 280 U.S. 445, 452, 50 S.Ct. 202, 204, 74 L.Ed. 538. The reason for disallowing reserves for contingent liabilities is not that the fund set up remains in the possession of the taxpayer rather than passing into the hands of an escrowee or depositary, but that there is no liability and nothing which the taxpayer

can accrue upon its books until some event has occurred which brings a liability into being—in other words, because there is no loss and no expense.

■ In Spring Canyon Coal Co. v. Commissioner of Int. Rev., 10 Cir., 43 F.2d 78, 79, 76 A.L.R. 1063, the Court said " 'in determining what constitutes income, substance rather than form is to be given controlling weight.' The same rule should apply to 'expenses'; and in truth and substance the sums set aside by the petitioner were not 'expenses' of the business. They were sums 'set aside' as required by the commission, and were in fact reserves against contingent losses. * * * True, it was more than a bookkeeping entry; it was an actual reserve, akin to that required of insurance companies, but nevertheless a reserve."

Freihofer Baking Co. v. Commissioner of Int. Rev., 3 Cir., 151 F.2d 383, does not support this plaintiff's right to the deduction claimed. That case involved the question of the year in which income accrued. The taxpayer had bought flour and paid for it in 1935. It had an understanding of some kind with the seller that, if the processing tax (which the seller had paid and included in the price of the flour) should be refunded to the seller, the seller would turn the amount over to the taxpayer. The processing tax was declared unconstitutional, the seller got a refund and paid it to the taxpayer in the following year. The Court held that it was properly allocable as income to the year in which the money was actually received by the taxpayer. Of course, a corollary to this decision was that that portion of the price of the flour paid by the taxpayer in 1935 which equalled the tax was properly deductible in that year. However, that payment bore no resemblance to the setting up of a reserve or even to a deposit in escrow. The taxpayer was paying the price of goods sold and delivered. The Circuit Court of Appeals pointed out at page 386 of 151 F.2d, "The petitioner's liability for the cost of the flour was not contingent in 1935 but on the contrary it was fixed." In the present case, there is no pretense that, in 1943, any liability of the plaintiff in connection with its deposit with Superior was fixed or was anything but contingent.

Judgment may be entered for the defendant.